SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
BRYAN D. DALY, Cal. Bar No. 117901
bdaly@sheppardmullin.com
CHARLES L. KREINDLER, Cal. Bar No. 119933
ckreindler@sheppardmullin.com
SASCHA HENRY, Cal. Bar No. 191914
shenry@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213-620-1780
Facsimile: 213-620-1398
shenry@sheppardmullin.com

Attorneys for Defendant J-M
MANUFACTURING COMPANY, INC., a
Delaware corporation, d/b/a J-M PIPE
MANUFACTURING COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CAMBRIDGE LANE, LLC, a California limited liability company, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> J-M MANUFACTURING COMPANY, INC., a Delaware corporation d/b/a J-M PIPE MANUFACTURING COMPANY, and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 2:10-cv-06638-GW (VBKx) <br><br> The Hon. George H. Wu <br> United States District Judge <br> Courtroom 10 <br><br> NOTICE OF MOTION AND MOTION BY DEFENDANT J-M MANUFACTURING COMPANY, INC. TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. RULES CIV. PROC. 12(b)(1) AND (6); AND <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF <br><br> [Proposed Order submitted herewith.] <br><br> Hearing Date: February 10, 2011 <br> Time: 8:30 a.m. <br> Courtroom: 10 <br><br> [Action Filed: September 7, 2010] |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 10, 2011, at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 10 of the above-entitled court located at 312 North Spring Street, Courtroom 10, Los Angeles, California, 90012, defendant J-M Manufacturing Company ("J-M") will, and hereby does, move this Court pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure for an order dismissing the First Amended Complaint filed by plaintiff Cambridge Lane, LLC without leave to amend.

This Motion is made on the following grounds:

1.      The plaintiff lacks standing under Article III of the U.S. Constitution.  To establish standing, the plaintiff must show an "injury in fact."  The plaintiff's First Amended Complaint does not allege that the pipes that it purchased have failed, nor does plaintiff allege that the pipes manifested any defects.  Failing to allege an injury in fact, the plaintiff's complaint should be dismissed pursuant to Rule 12(b)(1).  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351, 364 (1992); *Birdsong v. Apple, Inc.*, 590 F.3d 955, 960 (9th Cir. 2009); *Whitson v. Bumbo*, 2009 WL 1515597 (N.D. Cal. Apr. 16, 2009).

2.      The plaintiff lacks standing to bring causes of action under California's Unfair Competition Law ("UCL") and/or the False Advertising Law ("FAL").  The plaintiff cannot show that it "lost money or property" as a result of any alleged misconduct by J-M.  Accordingly, it may not pursue these claims on behalf of the putative class.  *See Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 814, 66 Cal. Rptr. 3d 543, 554 (2007); *Degelmann v. Advanced Med. Optics, Inc.*, 2010 WL 55874 (N.D. Cal. Jan. 4, 2010).

3.     The plaintiff fails to state a claim upon which relief can be granted because it fails to allege any J-M manufactured pipes that it purchased failed or manifested a defect.  Without an actual defect in the pipes that the plaintiff received, it cannot support its causes of action.  *See O'Neil v. Simplicity, Inc.,* 574 F.3d 501, 503 (8th Cir. 2009).

4.     The plaintiff fails to allege its fraud cause of action with the required specificity.  Fed. R. Civ. P. 9.

5.     The plaintiff's "unjust enrichment" cause of action is not recognized as a cause of action under California law.  *Melchior v. New Line Prods. Inc.,* 106 Cal. App. 4th 779, 793, 131 Cal. Rptr. 2d 347, 357 (2002); *MB Techs., Inc. v. Oracle Corp.,* 2010 WL 1576686 (N.D. Cal. Apr. 19, 2010).

6.     The plaintiff fails to state a cause of action for breach of warranty.  The plaintiff fails to allege that the pipe that it obtained was defective, was not manufactured to industry standards, was not of merchantable quality, or was unfit for its intended use.  *In re Canon Cameras Litig.,* 237 F.R.D. 357, 359-360 (S.D.N.Y 2006); *Birdsong,* 590 F.3d at 959.

7.     Following a stipulation between the parties, the plaintiff drafted a proposed Second Amended Complaint (the "SAC").  The SAC has not been filed. Despite the opportunity to amend, the SAC suffers from the same defects as the First Amended Complaint.  Accordingly, the Court should dismiss the First Amended Complaint without leave to amend.  *Kendall v. VISA U.S.A., Inc.,* 518 F.3d 1042, 1051-1052 (9th Cir. 2008); *Reddy v. Litton Indus., Inc.,* 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile.")

-2-

1           J-M's Motion to Dismiss is based on this Notice, the accompanying

2    Memorandum of Points and Authorities, all papers and pleadings on file with the

3    Court, all papers and pleading of which this Court may take judicial notice, and such

4    further evidence and argument which may be presented to the Court.

5

6           This Motion is made following the conference of counsel pursuant to

7    Local Rule 7-3 which took place telephonically on October 19, 2010 due to

8    plaintiff's counsel's location in Danville and San Francisco, California.  J-M's

9    counsel informed plaintiff's counsel of the deficiencies in the First Amended

10   Complaint and the parties entered into a stipulation whereby the plaintiff could file a

11   Second Amended Complaint.  (Docket No. 13.)  As the Court has not yet signed the

12   stipulation, J-M brings this motion to dismiss plaintiff's First Amended Complaint.

13

14   Dated:  January 13, 2011

15                         Respectfully submitted,

16                         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

17

18                                 */S/ Sascha Henry*

19               By  _____

20                            SASCHA HENRY

                           Attorneys for Defendant J-M

21                   MANUFACTURING COMPANY, INC., a

                      Delaware corporation, d/b/a J-M PIPE

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ...................................................................................1

II.     SUMMARY OF ALLEGATIONS ......................................................2

III.    PROCEDURAL POSTURE ................................................................3

IV.     THE PLAINTIFF LACKS STANDING ............................................5

        A.      The Plaintiff Lacks Standing Under Article III. ....................5

        B.      The Plaintiff Lacks Standing to Bring UCL and FAL Claims. .............8

V.      THE PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH
        RELIEF MAY BE GRANTED. ......................................................10

        A.      The Plaintiff Fails to State a Claim Upon Which Relief May Be
                Granted Because The Plaintiff Fails to Allege Pipe Failure or that
                Plaintiff Received Defective Pipe. .......................................10

        B.      The Plaintiff's Claims Fail to Meet the Requirements of Rule 9. .........11

        C.      The Plaintiff's Claim for Unjust Enrichment Fails Under
                California Law Because it is Not a Stand Alone Claim. ....................13

        D.      The Plaintiff Fails to State Claims for Breach of Warranty. ...............14

VI.     THE PROPOSED SECOND AMENDED COMPLAINT SUFFERS
        THE SAME DEFECTS AS THE FIRST AMENDED COMPLAINT .........15

VII.    CONCLUSION ...............................................................................17

1

## TABLE OF AUTHORITIES

2

Page(s)

3

Cases

4

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*

5
    459 U.S. 519, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983) ..................................... 10

6

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ................................. 10

7

8

*Birdsong v. Apple, Inc.*
    590 F.3d 955 (9th Cir. 2009) ................................................................ 6, 8, 14, 17

9

*Briehl v. General Motors Corp.*

10
    172 F.3d 623 (8th Cir. 1999) ................................................................ 10, 11, 14

11

*Buckland v. Threshold Enters., Ltd.*

12
    155 Cal. App. 4th 798, 66 Cal. Rptr. 3d 543 (2007) ........................................... 8

13

*In re Canon Cameras Litig.*

14
    237 F.R.D. 357 (S.D.N.Y 2006) .................................................................... 13, 14

15

*Cone Corp. v. Fla. Dep't of Transp.*

16
    921 F.2d 1190 (11th Cir. 1991) ........................................................................... 6

17

*Contreras v. Toyota Motor Sales USA, Inc.*
    2010 WL 2528844 (N.D. Cal. June 18, 2010) .................................................... 7

18

19

*Degelmann v. Advanced Med. Optics, Inc.*
    2010 WL 55874 (N.D. Cal. Jan. 4, 2010) ........................................................... 9

20

*Durell v. Sharp Healthcare*

21
    183 Cal. App. 4th 1350, 108 Cal. Rptr. 3d 682 (2010) .................................... 8, 9

22

*Express Cos., Inc. v. Lifeguard Med. Solutions, LLC*

23
    2010 U.S. Dist. LEXIS 91381 (S.D. Cal. Sept. 1, 2010) ................................... 13

24

*Herrington v. Johnson & Johnson Consumer Cos., Inc.*

25
    2010 WL 3448531 (N.D. Cal. Sept. 1, 2010) .................................................. 6, 7

26

*Iezza v. Saxon Mortgage Servs., Inc.*

27
    2010 WL 3834041 (C.D. Cal. Sept. 28, 2010) .................................................. 13

28

-ii-

*Johns v. Bayer Corp.*
    2010 WL 476688 (S.D. Cal. Feb. 9, 2010) .......................................................... 13

*Kearns v. Ford Motor Co.*
    567 F.3d 1120 (9th Cir. 2009) ................................................................... 11, 12

*Kendall v. VISA U.S.A., Inc.*
    518 F.3d 1042 (9th Cir. 2008) ........................................................................ 17

*Lierboe v. State Farm Mut. Auto. Ins. Co.*
    350 F.3d 1018 (9th Cir. 2003) .......................................................................... 5

*Lujan v. Defenders of Wildlife*
    504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) ........................... 5, 6, 8

*MB Techs., Inc. v. Oracle Corp.*
    2010 WL 1576686 (N.D. Cal. Apr. 19, 2010) .................................................. 13

*McDonnell Douglas Corp. v. Thiokol Corp.*
    124 F.3d 1173 (9th Cir. 1997) ........................................................................ 14

*Meaunrit v. Pinnacle Foods Group, LLC*
    2010 WL 1838715 (N.D. Cal. May 5, 2010) ...................................................... 7

*Melchior v. New Line Prods. Inc.*
    106 Cal. App. 4th 779, 131 Cal. Rptr. 2d 347 (2003) ..................................... 13

*O'Neil v. Simplicity, Inc.*
    574 F.3d 501 (8th Cir. 2009) .................................................................... 10, 17

*O'Shea v. Littleton*
    414 U.S. 488, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974) ........................................ 5

*Oregon v. Legal Servs. Corp.*
    552 F.3d 965 (9th Cir. 2009) ............................................................................ 5

*Peterson v. Cellco Partnership*
    164 Cal.App.4th 1583, 80 Cal. Rptr. 3d 316 (2008) ........................................... 8

*Reddy v. Litton Indus., Inc.*
    912 F.2d 291 (9th Cir. 1990) .......................................................................... 18

*Rivera v. Wyeth-Ayerst Labs.*
    283 F.3d 315 (5th Cir. 2002) ..................................................................... 6, 16

-iii-

*Sanders v. Apple, Inc.*
    672 F.Supp.2d 978 (N.D. Cal. 2009) ................................................................. 12

*Sprewell v. Golden State Warriors*
    266 F.3d 979 (9th Cir. 2001) .............................................................................. 10

*In re Tobacco II Cases*
    46 Cal. 4th 298, 93 Cal. Rptr. 3d 559 (2009) ................................................. 8, 9

*U.S. ex rel Hendrix v. JM Manufacturing*
    No. ED CV06-0055-GW (C.D. Cal. filed Jan. 17 2006) ............................. 1, 2, 3

*Walker v. Geico General Ins. Co.*
    558 F.3d 1025 (9th Cir. 2009) .............................................................................. 8

*White v. Lee*
    227 F.3d 1214 (9th Cir. 2000) .............................................................................. 6

*Whitson v. Bumbo*
    2009 WL 1515597 (N.D. Cal. Apr. 16, 2009) ...................................................... 7

Statutes

Cal. Bus. & Prof. Code
    § 17200 *et seq.* ............................................................... 1, 3, 7, 8, 9, 12
    § 17204 ................................................................................................................. 8
    § 17500 *et seq.* ...................................................................... 1, 3, 7, 8, 9
    § 17535 ................................................................................................................. 8

Other Authorities

Central Dist. Local Rule 7-3 ................................................................................. 3

Fed. R. Civ. P. 9 ..................................................................................................... 11

Fed. R. Civ. P. 9(b) .......................................................................................... 11, 12

Fed. R. Civ. P. 12(b)(1) ......................................................................................... 6

Fed. R. Civ. P. 12(b)(6) ....................................................................................... 10

U.S. Const., Art. III ........................................................... 1, 3, 5, 6, 7, 8, 16

J-M MANUFACTURING'S
MOTION TO DISMISS

1  I.     **INTRODUCTION**

2      This lawsuit is nothing more than a copycat lawsuit based on *U.S. ex rel*

3  *Hendrix v. JM Manufacturing*, No. ED CV06-0055-GW (C.D. Cal. filed Jan. 17

4  2006) and brought solely for the advantage of the class action plaintiffs' lawyers.

5  The plaintiff, Cambridge Lane, LLC, sues the defendant, J-M Manufacturing

6  Company ("J-M"), relating to the pipe manufactured by J-M and installed by the

7  plaintiff's contractor into the plaintiff's commercial building.  (First Amended

8  Complaint ("FAC"), ¶¶ 1, 27-30, Docket No. 9 (Sept. 30, 2010).)  The plaintiff does

9  not allege that the pipe has failed in any way or that the pipe has manifested any

10  defect.  In fact, the plaintiff admits that it was not aware of issues related to the pipe

11  until the *Hendrix* case was unsealed.  (FAC, ¶ 31.)  Having suffered no concrete and

12  particularized harm to itself, the plaintiff lacks standing to invoke this Court's

13  jurisdiction under Article III of the U. S. Constitution.

14

15      Despite the absence of any damage or injury in fact, the plaintiff attempts to

16  bring a class action for violation of California's Unfair Competition Law, Business

17  & Professions Code § 17200 *et seq.* ("UCL"), violation of California's False

18  Advertising Law, Business & Professions Code § 17500 *et seq.* ("FAL"), unjust

19  enrichment, fraud/deceit, breach of express warranty, and breach of implied

20  warranty.  Similar to Article III standing, California law requires that the plaintiff

21  have suffered an injury in fact and lost money or property to bring the UCL and

22  FAL claims.  The plaintiff, whose pipe has not failed or revealed any defects, has no

23  standing to pursue the case.  Its injury is purely conjectural and hypothetical.

24

25      In addition, the plaintiff fails to state a claim upon which relief may be

26  granted.  For the same reasons that the plaintiff lacks standing, so too, does the

27  plaintiff fail to allege sufficient facts.  The plaintiff's common law causes of action

28  require that the plaintiff suffer damage, which the plaintiff has not alleged.  In

-1-

1 addition, the unjust enrichment claim fails because California law does not

2 recognize an independent claim for unjust enrichment.  Nor would the plaintiff be

3 entitled to recovery since the plaintiff's pipe has not manifested any defect.

4

5    The plaintiff cannot utilize this Court's resources for conjectural and

6 hypothetical injury based on allegations made in *Hendrix*.  The Court should dismiss

7 the case.

8

9 **II.    SUMMARY OF ALLEGATIONS**

10    The plaintiff alleges that J-M manufactures PVC pipe for the transmission and

11 distribution of water.  (FAC, ¶ 1.)  J-M represented that its pipe conformed to

12 applicable industry standards.  (FAC, ¶ 2.)  J-M obtained certification of some of its

13 products from third party organizations, such as Underwriters Laboratories ("UL")

14 and NSF International ("NSF").  (FAC, ¶¶ 3, 16.)  The standards to which the PVC

15 pipe is tested are promulgated by UL, NSF, the American Water Works Association

16 ("AWWA") and the American Society for Testing and Materials ("ASTM").  (FAC,

17 ¶ 17.)  The plaintiff alleges that plumbing and building codes require that PVC pipe

18 meet specified standards.  (FAC, ¶ 16.)

19

20    The plaintiff alleges that J-M obtained the certifications of its pipes in

21 violation of the rules promulgated by the certifying bodies.  (FAC, ¶ 3.)  The

22 plaintiff alleges that J-M conducted pre-testing and pre-selection of non-

23 representative product samples.  (FAC, ¶ 24.)  According to the plaintiff, by 1997, J-

24 M had received internal test results showing that more than 50 percent of its pipe

25 failed to meet strength requirements.  (FAC, ¶ 25.)

26

27    As to the plaintiff's use of J-M pipe, the plaintiff alleges that it constructed a

28 commercial building in 2008 at which it installed a fire protection system.  (FAC,

-2-

¶ 27, 28.)  Through its utility subcontractor, the plaintiff purchased and installed pipe manufactured from J-M called JM Blue Brute (C900).  (FAC, ¶ 28.)  The pipe was "stamped with the UL Mark, AWWA C900, NSF 61 and the pipe pressure class, which warranted and represented that the PVC pipe met industry standards." (FAC, ¶ 29.)  As for reliance, the plaintiff alleges that "[w]hen Plaintiff's subcontractor purchased the JM pipe, *it* reasonably relied upon the marks affixed to the JM PVC pipe indicating that the PVC pipe purchased for the Project met industry standards."  (FAC, ¶ 30) (emphasis added).

The plaintiff does not allege that the J-M pipe installed in its property has failed.  Nor does the plaintiff allege that the pipe has manifested any defect.  The plaintiff does not allege that any of the certifying bodies have delisted J-M's pipe or that the plaintiff has taken any action as a result of the allegations made in *Hendrix*. The plaintiff alleges no facts showing that it has suffered any injury in fact.

## III.   **PROCEDURAL POSTURE**

In accordance with Local Rule 7-3, J-M's counsel met and conferred with the plaintiff's counsel and identified the grounds upon which J-M intended to move to dismiss the First Amended Complaint.  The grounds included that the plaintiff lacks standing under Article III, the UCL and the FAL to bring the lawsuit because the plaintiff has not alleged that the pipe that it purchased from J-M has failed in any way.

In response to J-M's meet and confer efforts, the plaintiff's counsel informed J-M's counsel that it intended to amend the complaint a second time to address the issues.  In light of the policy granting leave to amend, J-M's counsel stipulated that the plaintiff may file a Second Amended Complaint "so as to address more

specifically certain issues raised by Defendant during the course of the meet and confer process."  (Stipulation, p. 2: 3 – 6, Docket No. 13 (Oct. 27, 2010).)

On October 27, 2010, the parties filed a stipulation and proposed order agreeing to the following:

> (1)     That the plaintiff may file a Second Amended Complaint;
>
> (2)     That discovery be stayed pending resolution of J-M's motion to dismiss the Second Amended Complaint;
>
> (3)     That the time under Local Rule 23-3 for the plaintiff to file its motion for class certification be extended to 180 days after J-M files its initial answer.
>
> (Stipulation, p. 2: 27-28, 3: 1-9.)

The parties agreed that the schedule set forth in the October 27, 2010 Stipulation "will assist in defining the proper scope of pre-certification discovery and the issues to be addressed in the Certification Motion and that these benefits will promote the interests of judicial economy and the fair administration of this action." (Stipulation, p. 2: 21-23.)

On November 17, 2010, counsel for the parties sent a letter to the Court asking for a response to the October 27, 2010 stipulation.  Because J-M's counsel was set to begin trial on a different matter, counsel agreed that J-M's response to the Second Amended Complaint would be due 10 days after the Second Amended Complaint could be filed.

On December 2 and 3, 2010, the plaintiff filed its motion for class certification and based it on the unfiled Second Amended Complaint.  (Motion to Certify Class, p. 1, n. 1., Docket No. 16 (Dec. 2, 2010).)

-4-

On December 28, 2010, J-M applied *ex parte* for an order continuing the hearing on Plaintiff's Motion for Class Certification, which is currently set for February 3, 2011, to a date which is in accordance with the parties' stipulation filed on October 27, 2010, or to some other date to give J-M reasonable time to prepare its opposition.  (*Ex Parte* Application, Docket No. 24 (Dec. 28, 2010).)

As of the date of this filing, the parties have not received a ruling on the October 27, 2010 stipulation or J-M's *ex parte* application.  J-M files this motion to dismiss the First Amended Complaint as plaintiff has not filed the proposed Second Amended Complaint.  As J-M stipulated to allow the filing of the Second Amended Complaint, J-M addresses how the Second Amended Complaint fails to correct the deficiencies contained in the First Amended Complaint.  *See infra*, at Section VI.

## IV.   THE PLAINTIFF LACKS STANDING

### A.   The Plaintiff Lacks Standing Under Article III.

"A plaintiff must demonstrate standing 'for each claim he seeks to press' and for 'each form of relief sought.'"  *Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 969 (9th Cir. 2009) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352, 126 S. Ct. 1854, 1867, 164 L. Ed. 2d 589, 609 (2006)).  "[T]he irreducible constitutional minimum of standing contains three elements": (1) injury in fact, (2) causation, and (3) redressability.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351, 364 (1992).  In a class action, the putative class representative cannot represent the class if it lacks standing individually.  *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S. Ct. 669, 675, 38 L. Ed. 2d 674, 682 (1974); *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003).

1    The plaintiff bears the burden of establishing each element of standing.

2  *Lujan*, 504 U.S. at 561.  Standing implicates a federal court's subject matter

3  jurisdiction under Article III and is properly raised in a motion to dismiss under

4  Rule 12(b)(1).  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

5

6    Injury in fact is the most important element.  *Cone Corp. v. Fla. Dep't of

7  Transp.*, 921 F.2d 1190, 1204 (11th Cir. 1991).  An injury in fact is "an invasion of a

8  legally-protected interest which is (a) concrete and particularized and (b) actual or

9  imminent, not conjectural or hypothetical."  *Lujan*, 504 U.S. at 560 (citations and

10  internal quotation marks omitted).

11

12    Courts routinely dismiss cases like this one where the plaintiff fails to allege

13  that the product manifested the alleged defect.  In *Birdsong v. Apple, Inc.*, 590 F.3d

14  955, 960 (9th Cir. 2009), the plaintiffs alleged that Apple's iPod devices posed a risk

15  of hearing loss.  They did not allege any actual or imminent physical injury to

16  themselves or others.  *Id.* at 960-61.  Because the plaintiffs failed to allege actual or

17  imminent harm, the Ninth Circuit held that their alleged injury was merely

18  conjectural and hypothetical.  *Id.* at 961*; accord Rivera v. Wyeth-Ayerst Labs.*, 283

19  F.3d 315, 319-21 (5th Cir. 2002) (holding there is no injury in fact where plaintiffs

20  used an allegedly defective drug but suffered no actual injury).

21

22    In *Herrington v. Johnson & Johnson Consumer Cos., Inc.*, 2010 WL

23  3448531, at *1 (N.D. Cal. Sept. 1, 2010), the putative class action plaintiffs alleged

24  that the defendants misrepresented the safety of their children's products.  They

25  further alleged that they would not have purchased the products had they known of

26  the misrepresentation.  *Id.* at *4.  However, the plaintiffs did not plead that there was

27  any actual harm or a credible or substantial risk of harm.  *Id.* at *3.  The court held

28  that "the threat of which Plaintiffs complain is too speculative and uncertain to

-6-

J-M MANUFACTURING'S
MOTION TO DISMISS

1   confer Article III standing." *Id.* at \*4.  The court also rejected the plaintiffs'

2   allegation of economic loss because the products did not fail to perform.  *Id.*

3   (dismissing causes of action based on UCL, FAL, unjust enrichment, breach of

4   express warranty, and breach of implied warranty); *see also Contreras v. Toyota*

5   *Motor Sales USA, Inc.*, 2010 WL 2528844, at \*6 (N.D. Cal. June 18, 2010) (no

6   standing to bring UCL and breach of warranty class action because plaintiffs'

7   vehicles did not manifest defect); *Meaunrit v. Pinnacle Foods Group, LLC*, 2010

8   WL 1838715, at \*3 (N.D. Cal. May 5, 2010) (no standing to bring UCL, unjust

9   enrichment, and breach of warranty class action because plaintiffs did not allege

10   food was actually contaminated); *Whitson v. Bumbo*, 2009 WL 1515597, at \*4-6

11   (N.D. Cal. Apr. 16, 2009) (no standing to bring UCL, FAL, unjust enrichment, and

12   breach of warranty class action because plaintiff did not allege actual injury from

13   recalled product).

14

15        The plaintiff fails to allege facts demonstrating that it suffered an injury in

16   fact.  Nowhere does the plaintiff allege that its J-M pipe has failed or that the pipe

17   that the plaintiff obtained is in anyway defective.  The plaintiff refers to defective

18   pipe as being "inherently dangerous" (FAC, ¶ 16), but does not allege that the pipe it

19   obtained is either defective or dangerous.  The plaintiff generally refers to

20   misrepresentations about the pipe but never alleges that the pipe it obtained does not

21   meet the standards as represented.  (*Compare* FAC, ¶¶ 23 – 26 *and* ¶¶ 27 – 30.)

22   Similarly, the plaintiff generally refers to substandard pipe, but does not allege that

23   the pipe it received was substandard.  (FAC, ¶¶ 52, 55, 60, 63, 68 and 76.)

24   Accordingly, the plaintiff has not alleged an injury in fact, and thus has no standing

25   to bring this class action.

26

27

28

-7-

## B.      The Plaintiff Lacks Standing to Bring UCL and FAL Claims.

A plaintiff only has standing to assert a claim under the UCL or the FAL if it (1) has suffered an injury in fact and (2) has lost money or property as a result of the unfair competition or false advertising.  Cal. Bus. & Prof. Code §§ 17204, 17535; *Walker v. Geico General Ins. Co.,* 558 F.3d 1025, 1027 (9th Cir. 2009) (affirming dismissal of class action complaint for failure to state a claim because the plaintiff had not alleged the requisite lost money or property); *Peterson v. Cellco Partnership*, 164 Cal.App.4th 1583, 1590, 80 Cal. Rptr. 3d 316, 321 (2008).  In a class action alleging a UCL or FAL violation, the putative class representative must meet the standing requirements.  *In re Tobacco II Cases*, 46 Cal. 4th 298, 315-16, 93 Cal. Rptr. 3d 559, 572 (2009).

"Injury in fact" for UCL and FAL standing has the same meaning as it does for Article III standing.  *Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 814, 66 Cal. Rptr. 3d 543, 554 (2007) (adopting the definition of "injury in fact" from *Lujan*, 504 U.S. at 560).  "Thus, to plead a UCL [or FAL] claim, the plaintiffs must show, consistent with Article III, that they suffered a distinct and palpable injury as a result of the alleged unlawful or unfair conduct."  *Birdsong v. Apple, Inc.*, 590 F.3d 955, 960 (9th Cir. 2009) (citing *Buckland*, 155 Cal. App. 4th at 814).

The second prong, loss of money or property *as a result of* the unfair competition or false advertising, requires the plaintiff to plead actual reliance on the alleged misrepresentation.  *In re Tobacco II Cases*, 46 Cal. 4th at 326; *see also Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1363, 108 Cal. Rptr. 3d 682, 694 (2010) (requiring actual reliance for all UCL actions based on alleged misrepresentations).  A mere factual nexus between the alleged misconduct and the injury does not establish actual reliance.  *In re Tobacco II Cases*, 46 Cal.4th at 325.

-8-

1    In *Durell*, 183 Cal.App.4th at 1363, the plaintiff alleged injury "as a

2    proximate result" of the defendant's conduct, but did not plead any underlying facts

3    to establish actual reliance.  The court declared that "[t]his is the type of 'factual

4    nexus' causation the court rejected in *Tobacco II* in the context of claimed

5    misrepresentation and deception."  *Id.*

6

7    The plaintiff lacks standing to pursue its UCL and FAL claims.  For its UCL

8    claim, the plaintiff generally alleges that J-M committed "deceptive, unfair,

9    fraudulent and unlawful practices[.]"  (FAC, ¶ 43.)  For its FAL claim, the plaintiff

10   alleges that J-M misrepresented that its PVC pipe met UL, AWWA, NSF and

11   ASTM standards.  (FAC, ¶ 51.)  Despite these general conclusory allegations, the

12   plaintiff fails to allege that the J-M pipe it obtained did not meet the standards, i.e.,

13   that it is defective or has failed in any way.  Nor does the plaintiff allege that it

14   relied on the representations to its detriment.

15

16   The plaintiff may argue that it has sufficiently alleged injury in fact because

17   the plaintiff alleges that it would not have purchased the pipe but for the

18   misrepresentations as to the quality of the pipe.  (FAC, ¶¶ 47, 52.)  This type of

19   conclusory allegation has been rejected as insufficient.  In *Degelmann v. Advanced*

20   *Med. Optics, Inc.*, 2010 WL 55874, at *1 (N.D. Cal. Jan. 4, 2010), the plaintiffs

21   alleged that the defendant made false statements concerning its contact lens

22   solutions and concealed certain known risks of using the solution.  The plaintiffs

23   claimed that they had been injured for purposes of standing because they bought the

24   solution "in reliance on [the] representations and omissions, and would not have

25   purchased it if they had been apprised of the true facts."  *Id.* at *3.  The court

26   rejected this allegation as an injury in fact because the plaintiffs had not been

27   harmed or injured by the contact lens solution.  *Id.* at *4.  Just as in *Degelmann*, the

28

1  Court should dismiss the plaintiff's complaint because the plaintiff has not been
2  harmed or injured by the J-M pipe.

3

4  **V.    THE PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH
5           RELIEF MAY BE GRANTED.**

6          A motion to dismiss pursuant to Rule 12(b)(6) should be granted if the
7  plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its
8  face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.
9  Ed. 2d 929, 949 (2007).  Although allegations of material fact must be taken as true,
10  a court may not assume that the plaintiff "can prove facts that [the plaintiff] has not
11  alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of
12  Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723, 731 (1983).
13  The Court need not "accept as true allegations that are merely conclusory,
14  unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden
15  State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

16

17  **A.    The Plaintiff Fails to State a Claim Upon Which Relief May Be
18           Granted Because The Plaintiff Fails to Allege Pipe Failure or that
19           Plaintiff Received Defective Pipe.**

20

21          "It is not enough to allege that a product line contains a defect or that a
22  product is at risk for manifesting this defect; rather, the plaintiffs must allege that
23  their product actually exhibited the alleged defect."  *O'Neil v. Simplicity, Inc.*, 574
24  F.3d 501, 503 (8th Cir. 2009) (affirming dismissal under Rule 12(b)(6)).

25

26          In *Briehl v. General Motors Corp.,* 172 F.3d 623, 625 (8th Cir. 1999), the
27  plaintiffs brought class actions against the defendants that manufactured vehicles
28  and their anti-lock braking system ("ABS"), claiming that the ABS system was

-10-

1  defective.  The plaintiffs alleged claims for fraud, concealment, breach of the

2  implied warranty and violation of state consumer protection statutes.  *Id.*  They

3  specifically disclaimed any intent to seek recovery for personal injuries or property

4  damage suffered.  *Id.* at 626.  Instead, the plaintiffs sought damages for "lost resale

5  value" and "overpayment for the vehicles at the time of purchase" and claimed that

6  the ABS systems installed in their vehicles diminished the vehicles' resale value.  *Id.*

7  The Eighth Circuit affirmed dismissal of the complaints.

8

9       The Plaintiffs' conclusory assertions that they, as a class, have
        experienced damages (and the method the Plaintiffs use to calculate the
10      damages) are simply too speculative to allow this case to go forward.
        The Plaintiffs' assertion that their ABS-equipped vehicles are defective
11      and that they have suffered a loss in resale value as a result of the
        defect is insufficient as a matter of law to plead a claim under any
12      theory the Plaintiffs have advanced.

13  *Id*. at 629.

14

15       Having failed to allege that it suffered damages, the plaintiff's First Amended

16  Complaint should be dismissed.  The plaintiff claims that J-M made

17  misrepresentations and omissions regarding the certification process.  Yet, the

18  plaintiff fails to allege that the pipe it purchased in fact was defective, substandard,

19  or delisted.  The plaintiff fails to identify any actionable form of damages to support

20  its causes of action.

21

22       **B.**    <u>**The Plaintiff's Claims Fail to Meet the Requirements of Rule 9**</u>.

23

24       A complaint grounded in fraud must satisfy Rule 9(b).  *Kearns v. Ford Motor*

25  *Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) (affirming dismissal of complaint that

26  alleged a unified course of conduct that the defendants misrepresented that vehicles

27  were safer and more reliable with the intent to induce reliance and defraud

28  consumers).  "The elements for a cause of action for fraud in California are

-11-

1  (a) misrepresentation (false representation, concealment, or nondisclosure); (b)

2  knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d)

3  justifiable reliance; and (e) resulting damage." *Id.* at 1126 (9th Cir. 2009) (internal

4  quotation marks and citation omitted).

5

6      In *Kearns*, 567 F.3d at 1122, the plaintiff claimed violations of California's

7  Consumer Legal Remedies Act and the UCL relating to the defendant's sale of

8  Certified Pre-Owned ("CPO") vehicles.  The plaintiff claimed that the defendants

9  made false and misleading statements concerning the safety and reliability of its

10  CPO vehicles to mislead the class members.  *Id.* at 1123.  Although the plaintiff

11  alleged that he was exposed to the defendants' national marketing campaign, sales

12  materials and sales personnel, the Ninth Circuit held that the plaintiff omitted the

13  circumstances surrounding the representations.  *Id.* at 1126.  He did not allege what

14  the advertisements and sales materials said, when he was exposed to them, which

15  ones he found material or which ones he relied upon.  *Id.*.  Although he alleged a

16  statement he was told, he did not allege who, when, where and how the statement

17  was made.  *Id.*  Accordingly, the Ninth Circuit affirmed the dismissal of the

18  complaint under Rule 9(b).  *Id.*

19

20      Here, the plaintiff fails to allege fraud with the requisite specificity.  The

21  plaintiff bases its First Amended Complaint on omissions about the certification

22  process and representations that the pipe met the identified standards for each type

23  of pipe.  However, the plaintiff does not allege that it relied on the omissions or the

24  representations.  Rather it alleges that its contractor relied on representations.  (FAC,

25  ¶ 30.)  The plaintiff fails to allege facts sufficient to give rise to a duty to disclose

26  the alleged omissions.  *Sanders v. Apple, Inc.,* 672 F.Supp.2d 978, 986 (N.D. Cal.

27  2009).  In addition, the plaintiff does not allege any facts demonstrating that the

28  representations were false because the plaintiff does not allege that the J-M pipe it

-12-

1  obtained did not meet the standards.  Thus, the plaintiff has failed to plead specific

2  facts supporting its fraud causes of action.

3

4      **C.**    <u>**The Plaintiff's Claim for Unjust Enrichment Fails Under**</u>

5      <u>**California Law Because it is Not a Stand Alone Claim.**</u>

6

7      "[T]here is no cause of action in California for unjust enrichment[.]"

8  *Melchior v. New Line Prods. Inc.*, 106 Cal. App. 4th 779, 793, 131 Cal. Rptr. 2d

9  347, 357 (2003).  Although some courts interpret unjust enrichment as a cause of

10  action for restitution, "the better view is that unjust enrichment represents a form of

11  relief rather than an independent claim."  *MB Techs., Inc. v. Oracle Corp.*, 2010 WL

12  1576686, at *4 (N.D. Cal. Apr. 19, 2010); *accord Iezza v. Saxon Mortgage Servs.,*

13  *Inc.*, 2010 WL 3834041, at *2 (C.D. Cal. Sept. 28, 2010); *Express Cos., Inc. v.*

14  *Lifeguard Med. Solutions, LLC,* 2010 U.S. Dist. LEXIS 91381, at *15-16 (S.D. Cal.

15  Sept. 1, 2010); *Johns v. Bayer Corp.,* 2010 WL 476688, at *6 & n.3 (S.D. Cal. Feb.

16  9, 2010).  "Moreover, dismissal of a separate claim for unjust enrichment at the

17  pleading stage will serve the felicitous purpose of narrowing the action, by

18  eliminating superfluous or unnecessary claims and concentrating the parties' (and

19  the Court's) energies on the essence of the underlying dispute."  *MB Techs, Inc.,*

20  2010 WL 157668, at *4.

21

22      In any event, to prevail on an unjust enrichment claim, a plaintiff must

23  establish that the benefits he received were less than what was bargained for.  This is

24  a legal impossibility where the product never malfunctions over its ordinary period

25  of use.  *In re Canon Cameras Litig.*, 237 F.R.D. 357, 359-360 (S.D.N.Y 2006).  As

26  the plaintiff has failed to allege that the JM pipe manifested a defect, the claim for

27  unjust enrichment fails.

28

-13-

**D.     The Plaintiff Fails to State Claims for Breach of Warranty.**

"California courts use a three-step approach to express warranty issues.  First, the court determines whether the seller's statement amounts to 'an affirmation of fact or promise' relating to the goods sold.  Second, the court determines if the affirmation or promise was 'part of the basis of the bargain.'  Finally, if the seller made a promise relating to the goods and that promise was part of the basis of the bargain, the court must determine if the seller breached the warranty." *McDonnell Douglas Corp. v. Thiokol Corp.,* 124 F.3d 1173, 1176 (9th Cir. 1997) (holding no breach of warranty where the product failures did not result from a variance in the buyer's specifications or defective labor, material or manufacture) (internal citations omitted).

A claim for breach of implied warranty of merchantability requires a showing that the goods are not "fit for the ordinary purposes for which such goods are used."  Goods that do not malfunction do not meet this requirement.  *In re Canon Cameras Litig.*, 237 F.R.D. at 359 (denying motion to certify class involving breach of warranty and unjust enrichment claims because the class consisted of camera owners whose cameras "did not malfunction at all" and citing multiple cases holding that manifest defect is a central tenet of implied warranty claim); *Briehl*, 172 F.3d at 628 ("Since the Plaintiffs have failed to allege any manifest defect and their vehicles perform in a satisfactory manner, the District Court was correct when it dismissed the Plaintiffs' Original Complaint."); *Birdsong*, 590 F.3d at 959 (holding no breach of implied warranty because there were no allegations of malfunction or actual injury).

For its breach of warranty claims, the plaintiff alleges that J-M breached by selling pipe that was "(1) not manufactured to industry standards or the

-14-

1   specifications referenced on the products; (2) not of merchantable quality; and (3)

2   unfit for their intended use."  (FAC, ¶ 68 (express warranty claim); *accord* ¶ 76

3   (implied warranty claim).)  The plaintiff fails to allege that the J-M pipe *it obtained*

4   fell into any of these categories.  The plaintiff does not allege that its pipe did not

5   meet industry standards or specifications.  The plaintiff does not allege that its pipe

6   was less than merchantable.  Nor does the plaintiff allege that the pipe is unfit for

7   transporting water.  The plaintiff has not alleged that J-M breached any warranty or

8   that the plaintiff has suffered damage.

9

10  **VI.    THE PROPOSED SECOND AMENDED COMPLAINT SUFFERS THE**

11          **SAME DEFECTS AS THE FIRST AMENDED COMPLAINT**

12          The plaintiff's proposed Second Amended Complaint contains a new

13  paragraph 36 that purports to address the plaintiff's lack of standing raised by J-M

14  during the meet and confer process.  Paragraph 36 states that the plaintiff and the

15  class have "suffered loss" and then identifies six different measurements of this

16  "loss."  Of these six alleged measurements, three do not apply to the plaintiff

17  because the plaintiff has not alleged that the pipe it obtained failed.  They are:

18

19          Paragraph 36(a):  "The difference in market value between pipe
20          meeting the standards claimed by JM and pipe which did not meet
            those standards; …"

21
            Paragraph 36(e):  "The cost of repairing damage proximately caused by
22          failure of the pipe . . .";

23
            Paragraph 36(f):  "The value of claims lost by owners against
24          developers or other parties and/or claims arising from the surrender or
            release of performance and other bonds issued in connection with the
25          development of the property . . .".

26

27

28

1      The remaining three measurements of damage are nothing more than

2  conjectural and amounts which the Plaintiff has not alleged to have incurred.  They

3  are:

4

5      Paragraph 36(b): the "cost of removing pipe installed by Plaintiff and
       the Class and the installation of replacement pipe; . . . to fund
6      reasonable remedial efforts to avoid the risk of catastrophic failure of
       the pipe and resultant injury to person and property";
7

8      Paragraph 36: (c) the "additional cost of ownership and maintenance of
       the properties under which the pipe is installed arising from lack of
9      assurance that JM pipe can reliably meet the standards relevant for
       PVC pipe . . .";
10

11     Paragraph 36(d) the "amount of decline in the market value of
       properties under which JM pipe has been installed including, without
12     limitation, any decline in value caused by the stigma associated with
       the presence of JM pipe under the property".
13

14     Courts reject plaintiffs' attempts at artful pleading to create standing to pursue

15  a class action.  In *Rivera*, 283 F.3d at 321-322, the Fifth Circuit held that the buyer

16  of recalled medicine lacked standing to pursue the class action.  The named

17  representative sought to represent all patients who had purchased and ingested the

18  recalled medicine but suffered no physical or emotional injury.  *Id.* at 317.  They

19  alleged violations of state consumer protection laws, breach of warranty and unjust

20  enrichment.  *Id.*  The plaintiffs claimed they were denied the "benefit of the bargain"

21  and out of pocket expenditures.  *Id.* at 320.  The Fifth Circuit rejected this claim:

22

23     The plaintiffs apparently believe that if they keep oscillating between
       tort and contract law claims, they can obscure the fact that they have
24     asserted no concrete injury.  Such artful pleading, however, is not
       enough to create an injury in fact.
25

26  *Id.* at 320-21 (reversing order certifying class and dismissing case because plaintiffs

27  lack Article III standing).

28
                                         -16-

1    Similarly, in *O'Neil*, 574 F.3d at 504, the plaintiffs claimed that they suffered

2  an economic injury because the required retrofitting of the crib rendered the crib

3  without a drop-side function.  They sought the difference in price between a crib

4  with a functional drop-side and a crib without.  *Id.*  The Eight Circuit rejected this

5  argument, reasoning that because the plaintiffs' "crib has not exhibited the alleged

6  defect, they have necessarily received the benefit of their bargain." *Id*.  Because the

7  crib performs just as it was intended, there "is no injury and no basis for relief." *Id*.

8  at 505.

9

10    And, in *Birdsong*, 590 F.3d at 961, the plaintiffs contended that they suffered

11  an economic harm because they purchased iPods that may potentially cause hearing

12  loss and thus they are worth less than what they paid for them.  The Ninth Circuit

13  rejected this argument:

14

15        Further, the alleged loss in value does not constitute a distinct and
16        palpable injury that is actual or imminent because it rests on a
         hypothetical risk of hearing loss to other consumers who may or may
17        not choose to use their iPods in a risky manner.

18  *Id.*

19

20    Just as in *Wyeth*, *O'Neil* and *Birdsong,* the plaintiff's artful pleading does not

21  change the fact that the plaintiff has not suffered any injury in fact.  The plaintiff's

22  alleged damage is based on a hypothetical risk that the pipe might be substandard or

23  might fail in the future.

24

25  **VII.   CONCLUSION**

26    The Court should dismiss the plaintiff's First Amended Complaint.  As the

27  plaintiff's proposed Second Amended Complaint attempted, but failed to cure the

28  plaintiff's lack of standing, the dismissal should be with prejudice. *Kendall v. VISA*

-17-

1    *U.S.A., Inc.*, 518 F.3d 1042, 1051-1052 (9th Cir. 2008) (affirming denial of leave to

2    amend and noting that, although plaintiffs were given opportunity to amend initial

3    complaint, the First Amended Complaint suffered from the same defects); *Reddy v.*

4    *Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of

5    discretion to deny leave to amend when any proposed amendment would be futile.")

6

7    Dated: January 13, 2011

8                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

9

10                      By        */S/ Sascha Henry*
                            _____

11                                   SASCHA HENRY

12                          Attorneys for Defendant J-M
                      MANUFACTURING COMPANY, INC., a

13                      Delaware corporation, d/b/a J-M PIPE
                         MANUFACTURING COMPANY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28