1   David M. Birka-White (State Bar No. 85721)
    dbw@birka-white.com
2   Stephen Oroza (State Bar No. 84681)
    soroza@birka-white.com
3   Mindy M. Wong (State Bar No. 267820)
    mwong@birka-white.com
4   BIRKA-WHITE LAW OFFICES
    411 Hartz Avenue, Suite 200
5   Danville, CA  94526
    Telephone:  (925) 362-9999
6   Facsimile:  (925) 362-9970

7   William R. Friedrich (State Bar No. 44731)
    wfriedrich@fbm.com
8   John D. Green (State Bar No. 121498)
    jgreen@fbm.com
9   FARELLA BRAUN & MARTEL LLP
    235 Montgomery Street, Suite 1700
10  San Francisco, CA 94104
    Telephone:  (415) 954-4400
11  Facsimile:  (415) 954-4480

12  Attorneys for Individual and Representative
    Plaintiff CAMBRIDGE LANE, LLC.
13

FILED
CLERK, U.S. DISTRICT COURT

DEC 16 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

14              **UNITED STATES DISTRICT COURT**

15          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

16                      **WESTERN DIVISION**

17  CAMBRIDGE LANE, LLC, a            Case No. CV 10-06638 GW (PJWx)
18  California limited liability company, on
    behalf of itself and all others similarly   *Hon. George H. Wu*
19  situated,
                                      [~~PROPOSED~~] **PROTECTIVE**
20              Plaintiff,            **ORDER**

21  v.                               *[Joint Stipulation Regarding Protective*
                                     *Order Filed Concurrently]*
22  J-M MANUFACTURING COMPANY,
    INC., a Delaware corporation d/b/a J-M
23  PIPE MANUFACTURING
    COMPANY, and DOES 1-10, inclusive,
24
                Defendant.
25

26

27

28

                                                          25994\2895206.1

1    Pursuant to Federal Rule of Civil Procedure 26 and the stipulation of

2  Plaintiff Cambridge Lane, LLC ("Plaintiff") and Defendant J-M Manufacturing

3  Company, Inc., d/b/a J-M Pipe Manufacturing Company ("Defendant") (each a

4  "Party" and collectively, "the Parties"), the Court hereby orders the parties to abide

5  by this Protective Order.  Unless modified pursuant to the terms contained in this

6  Order, this Order shall remain in effect through conclusion of this action and

7  survive the termination of this action.

8    IT IS THEREFORE ORDERED THAT:

9

10   **1.**   **PURPOSES AND LIMITATIONS**

11    Disclosure and discovery activity in this action are likely to involve

12  production of confidential, proprietary, or private information for which special

13  protection from public disclosure and from use for any purpose other than

14  prosecuting this litigation may be warranted.

15

16   **2.**   **DEFINITIONS**

17    2.1   Challenging Party:  a Party that challenges the designation of

18  information or items under this Order.

19    2.2   "CONFIDENTIAL" Information or Items:  information

20  qualifying for protection under F.R.C.P. 26(c)(1)(G) whether generated, stored or

21  maintained on paper, as electronically stored information ("ESI") or stored in or as

22  tangible things that constitute or reveal, *inter alia*, Defendant's protected trade

23  secrets, proprietary research and development, specifications and formulations for

24  materials and products, contracts and communications with vendors, contracts and

25  communications with customers other than Plaintiff; internal testing and quality

26  assurance procedures, results and reports; communications with testing laboratories

27  and standards certifying organizations, financial statements and supporting

28  accounting records, bank statements, communications between Defendant and with

1  financial institutions regarding procedures and records for receipts, disbursements,

2  funds management, borrowing and investments; invoices and communications with

3  vendors or with customers other than Plaintiff, accounting and cash management

4  records, internal engineering communications, personnel records of present and

5  former employees.

6      2.3    Counsel (without qualifier):  Outside Counsel of Record and

7  House Counsel (as well as their support staff).

8      2.4    Designating Party:  a Party or Non-Party that designates

9  information or items contained in disclosures or in responses to discovery as

10 "CONFIDENTIAL."

11     2.5    Disclosure or Discovery Material:  all items or information,

12 regardless of the medium or manner in which it is generated, stored, or maintained

13 (including, among other things, testimony, transcripts, and tangible things), that are

14 produced or generated in disclosures or responses to discovery in this matter.

15     2.6    Expert:  a person with specialized knowledge or experience in a

16 matter pertinent to the litigation who has been retained by a Party or its counsel to

17 serve as an expert witness or as an expert consultant in this action.

18     2.7    House Counsel:  attorneys who are employees of a Party to this

19 action and attorneys who are not employees of a Party but who act as regular

20 outside counsel to a Party and who are advising that Party with respect to this

21 action.  "House Counsel" does not include Outside Counsel of Record.

22     2.8    Non-Party:  any natural person, partnership, corporation,

23 association, or other legal entity that is not a Party.

24     2.9    Outside Counsel of Record:  attorneys who are not employees of

25 a party to this action but are retained to represent or advise a party to this action and

26 have appeared in this action on behalf of that party or are affiliated with a law firm

27 that has appeared on behalf of that party.

28

[PROPOSED] PROTECTIVE ORDER

25994\2895206.1

1        2.10   <u>Party (without qualifier)</u>:  any Plaintiff or Defendant in this

2  action.

3        2.11   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure

4  or Discovery Material in this action.

5        2.12   <u>Professional Vendors</u>:  persons or entities that provide litigation

6  support services (e.g., photocopying, videotaping, translating, preparing exhibits or

7  demonstrations, and organizing, storing, or retrieving data in any form or medium)

8  and their employees and subcontractors.

9        2.13   <u>Protected Material</u>:  any Disclosure or Discovery Material that is

10  designated as "CONFIDENTIAL."

11        2.14   <u>Receiving Party</u>:  any Party to which a Producing Party

12  produces or serves Disclosure or Discovery Material.

13

14     **3.**    **<u>SCOPE</u>**

15       The protections conferred by this Order cover not only Protected Material (as

16  defined above) but also: (a) any information copied or extracted from Protected

17  Material; (b) all copies, excerpts, summaries, or compilations of Protected Material;

18  and (c) any testimony, conversations, or presentations by Parties or their Counsel

19  that might reveal Protected Material.  However, the protections conferred by this

20  Order do not cover any information that (a) is already in the public domain at the

21  time of disclosure; (b) becomes part of the public domain at any time, unless as a

22  result of (i) action or failure to act where there is a duty to act on the part of the

23  Receiving Party; or (ii) any breach of duty by any third party; (c) is already in the

24  possession of the Receiving Party at the time of disclosure and was not acquired

25  under (i) assurance of confidentiality directly or indirectly from the Producing or

26  Designating Party or (ii) breach of duty by any third party; or (d) is made available

27  to the Receiving Party by a third party who obtained the same by legal means and

28  without any obligation of confidence to the Producing or Designating Party.  Any

- 4 -

25994\2895206.1

[PROPOSED] PROTECTIVE ORDER

1   use of Protected Material at trial shall be governed by a separate agreement or
2   order.

3

4   **4.    DURATION**

5   Even after final disposition of this litigation, the confidentiality obligations
6   imposed by this Order shall remain in effect until a Designating Party agrees
7   otherwise in writing or a Court order otherwise directs.  Final disposition shall be
8   deemed to be the later of:  (a) dismissal of all claims and defenses in this action,
9   with or without prejudice; or (b) final judgment herein after the completion and
10  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,
11  including the time limits for filing any motions or applications for extension of time
12  pursuant to applicable law.

13

14  **5.    APPLICABILITY**

15  The provisions of this Order shall apply to all Parties in this action,
16  including, in the case of Parties other than individuals, their officers, directors,
17  employees, and agents, their law firms and their employees, and consultants and
18  expert witnesses, as well as any other Producing Party or Receiving Party in this
19  action.

20

21  **6.    DESIGNATING PROTECTED MATERIAL**

22  6.1    Exercise of Restraint and Care in Designating Material for
23  Protection.  Except as provided below, each Party or Non-Party that designates
24  information or items for CONFIDENTIAL protection under this Order shall take
25  care to limit any such designation to only those portions of paper documents, ESI or
26  tangible materials that contain or reveal CONFIDENTIAL information.  The Parties
27  agree to exercise all reasonable efforts to avoid indiscriminate CONFIDENTIAL
28  designations.

1      Prior to designating information or items for protection under this

2   Protective Order, each Party agrees to a review of non-ESI documents, under

3   attorney supervision, of the information proposed to be Protected Material.

4      If it comes to a Designating Party's attention that information or items

5   that it designated for protection do not qualify for protection, that Designating Party

6   must promptly notify all other Parties that it is withdrawing the mistaken

7   designation.

8      6.2   ESI Presumed Confidential.  Notwithstanding any of the above

9   provisions, all ESI shall be presumed CONFIDENTIAL, and each Producing Party

10   may designate ESI as CONFIDENTIAL without prior review.

11      6.3   Method of Designation.  A Producing Party shall designate

12   documents and other tangible materials, including ESI, as CONFIDENTIAL at the

13   time of production and/or inspection in a matter that is mutually acceptable and

14   agreed to by the Parties.

15      6.4   Designation of Documents and Other Tangible Materials

16   Produced by a Non-Party.  Any Party may designate as CONFIDENTIAL

17   documents and other materials, including ESI, produced by a Non-Party that (i)

18   falls within the definition in paragraph 2.2, and (ii) contains information provided

19   to the Non-Party by or at the direction of the Party that seeks to make the

20   designation or is derived from such information.  Notwithstanding any of the above

21   provisions, documents and other tangible materials, including ESI, produced by a

22   Non-Party pursuant to Rule 45 of the Federal Rules of Civil Procedure shall be

23   deemed CONFIDENTIAL for a period of fifteen (15) business days from the date

24   of production.

25      6.5   Designation of Oral Testimony.  A Party or Non-Party shall

26   have ten (10) business days from the date of receipt from the court reporter of a

27   final  copy of a deposition or other transcript (the "designation period") in which to

28   designate all or portions of the testimony as "CONFIDENTIAL." Such designation

25994\2895206.1

1 shall be made by sending written notice identifying the information to be so
2 designated by page and line numbers to all counsel of record and the witness's
3 counsel within the designation period. During the designation period, all
4 information disclosed in the testimony shall be deemed "CONFIDENTIAL" subject
5 to the terms of this Order. After the designation period has expired, any testimony
6 not so designated shall no longer be deemed "CONFIDENTIAL."

7         6.6    Inadvertent Failures to Designate. With the exception of
8 testimony under Section 6.5 above, an inadvertent failure to designate Protected
9 Material as such does not, by itself, waive the Designating Party's right to secure
10 protection under this Order for such material. Upon correction of a designation, the
11 Receiving Party must make all reasonable efforts to assure that the material is
12 treated in accordance with the provisions of this Order.

13

14     **7.**      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

15         7.1    Timing and Nature of Challenges. Any Party may challenge a
16 designation of confidentiality based on a good faith belief that disclosure of a
17 document is necessary to the Party's prosecution or defense of this action and either
18 (i) the document does not meet the definition set forth in Section 2.2, or (ii) no good
19 cause exists to deem the document "Protected Material." Unless a prompt
20 challenge to a Designating Party's confidentiality designation is necessary to avoid
21 foreseeable, substantial unfairness, unnecessary economic burdens, or a significant
22 disruption or delay of the litigation, a Party does not waive its right to challenge a
23 confidentiality designation by electing not to mount a challenge promptly after
24 receiving the document.

25         7.2    Meet and Confer. The Challenging Party shall initiate the
26 dispute resolution process by providing written notice of each designation it is
27 challenging and describing the basis for each challenge. To avoid ambiguity as to
28 whether a challenge has been made, the written notice must recite that the challenge

[PROPOSED] PROTECTIVE ORDER

1   to confidentiality is being made in accordance with this specific paragraph of the

2   Order.  The Parties shall attempt to resolve each challenge in good faith and must

3   begin the process by conferring within ten business (10) days of the date of service

4   of notice.  In conferring, the Challenging Party must explain the basis for its belief

5   that the confidentiality designation was not proper and must give the Designating

6   Party an opportunity to review the designated material, to reconsider the

7   circumstances, and, if no change in designation is offered, to explain the basis for

8   the chosen designation.  A Challenging Party may proceed to the next stage of the

9   challenge process only if it has engaged in this meet and confer process first, unless

10  the Designating Party has refused to meet and confer.  For the purposes of this

11  section, failure on the part of the Designating Party to (i) respond to the

12  Challenging Party's notice of a challenge within five business (5) days of service

13  thereof, or (ii) participate in a meet and confer conference within ten business (10)

14  days of service thereof after being given reasonable opportunity to do so,

15  constitutes a refusal to meet and confer.

16          7.3    <u>Judicial Intervention</u>.  If the Parties are unable to resolve a

17  challenge through the meet and confer process described above, they may seek

18  Court intervention by preparing and filing a joint stipulation.  The joint stipulation

19  shall contain each designation in dispute and, with respect to each such designation,

20  the contentions, points and authorities, and supporting evidence of each Party.  The

21  joint stipulation shall be initiated by the Designating Party and prepared as follows:

22          (a)    Within the earlier of thirty-three (33) days after the initial

23  notice of challenge or fourteen (14) days after the Parties agree that the meet and

24  confer process will not resolve their dispute, the Designating Party, as the moving

25  party, must serve its portion of the joint stipulation, including evidence and exhibits

26  in support thereof, on the Challenging Party.

27          (b)    Within ten (10) days of receiving the Designating Party's

28  portion of the joint stipulation, the Challenging Party shall serve its portion,

- 8 -

[PROPOSED] PROTECTIVE ORDER

25994\2895206.1

1   including evidence and exhibits in support thereof, on the Designating Party.

2               (c)     After receiving the Challenging Party's portion, the

3   Designating Party shall assemble the complete joint stipulation and send it to the

4   Challenging Party, who shall sign it (electronically or otherwise) and return it to the

5   Designating Party, by no later than the end of the next business day for filing by the

6   Designating Party by no later than the following business day.

7            The burden of persuasion in any such challenge proceeding shall be on

8   the Designating Party.  Failure by the Designating Party to timely initiate the joint

9   stipulation process as set forth in Section 7.3(a) above, or as amended by the

10  Parties, shall automatically waive the confidentiality designation for each

11  challenged designation.  Unless the Designating Party has waived the

12  confidentiality designation, all parties shall continue to afford the material in

13  question the protection to which it is entitled under the Designating Party's

14  designation until the Court rules on the challenge.  Nothing in this Section shall

15  abrogate the provisions set forth in Paragraph 13.3 herein.

16          7.4    Provisional Limitation on Challenges.  Each side is initially

17  limited to one hundred (100) challenges of documents designated as

18  CONFIDENTIAL by any Party, and a further one hundred (100) challenges of

19  documents designated as CONFIDENTIAL by any Non-Party, subject to the

20  following: (a) challenges to multiple substantially identical documents (i.e.,

21  documents that contain the same data fields, such as identically formatted invoices

22  or sales reports, and, for the sake of judicial economy, should be treated as a single

23  document) will only count as a single challenge; and (b) the Parties further agree

24  that in the event either side reaches its 100 challenge limit for documents registered

25  CONFIDENTIAL by Parties, or its 100 challenge limit for documents registered

26  CONFIDENTIAL by Non-Parties, before the conclusion of the case, they will

27  promptly meet and confer in good faith to determine how to proceed thereafter.

28

25994\2895206.1

[PROPOSED] PROTECTIVE ORDER

1    **8.**    **ACCESS TO AND USE OF PROTECTED MATERIAL**

2        8.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material

3    that is disclosed or produced by another Party or by a Non-Party in connection with

4    this case only for prosecuting, defending, or attempting to settle this litigation.

5    Such Protected Material may be disclosed only to the categories of persons and

6    under the conditions described in this Order.  When the litigation has been

7    terminated, a Receiving Party must comply with the provisions of section 14 below

8    (FINAL DISPOSITION).

9        Protected Material must be stored and maintained by a Receiving Party at a

10    location and in a secure manner that ensures that access is limited to the persons

11    authorized under this Order.

12        8.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless

13    otherwise ordered by the Court or permitted in writing by the Designating Party, a

14    Receiving Party may disclose any information or item designated

15    "CONFIDENTIAL" only to:

16        (a)    the Receiving Party's Outside Counsel of Record in this

17    action, as well as employees of said Outside Counsel of Record to whom it is

18    reasonably necessary to disclose the information for this litigation and who have

19    signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto

20    as Attachment A;

21        (b)    the officers, directors, and employees (including House

22    Counsel), of the Receiving Party (including the government entity with supervisory

23    authority over any Receiving Party) to whom disclosure is reasonably necessary for

24    this litigation and who have signed the "Acknowledgment and Agreement to Be

25    Bound" (Attachment A);

26        (c)    Experts (as defined in this Order) of the Receiving Party

27    to whom disclosure is reasonably necessary for this litigation and who have signed

28    the "Acknowledgment and Agreement to Be Bound" (Attachment A);

- 10 -

25994\2895206.1

      (d)    the Court and its personnel;

      (e)    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation, all of whom must have signed the "Acknowledgment and Agreement to Be Bound" (Attachment A);

      (f)    in preparation for and during their depositions, witnesses in the action to whom disclosure is reasonably necessary and to whom a copy of the Protective Order is simultaneously provided. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

      (g)    the author or recipient of a document containing the information or a custodian or other person who (i) otherwise possessed or knew the information, (ii) obtained that information through legitimate means, and (iii) has signed the "Acknowledgement and Agreement to be Bound" (Attachment A).

    8.3    <u>Deposition Procedures.</u>

Any Party or deponent shall have the right to exclude from attendance at a deposition or portion of a deposition where that Party's Protected Material is discussed any person other than the deponent, the deponent's attorney, and persons described in Section 8.2(b) (with a limitation of one employee per Party in attendance) and Section 8.2 (c).

## 9.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena, court order, or public records request made pursuant to state or federal statute that compels disclosure of any information or items designated in this action by another Party or Non-Party as "CONFIDENTIAL," that Receiving Party must:

25994\2895206.1

1        (a)    transmit a copy of the subpoena, court order, or public

2  records request to the Designating Party within three (3) business days of its

3  receipt;

4        (b)    promptly notify in writing the party who caused the

5  subpoena, court order, or public records request to issue that some or all of the

6  material covered by the request is subject to this Order.  Such notification shall

7  include a copy of this Order; and

8        (c)    cooperate in good faith with respect to all reasonable

9  procedures sought to be pursued by the Designating Party whose Protected Material

10  may be affected.

11        (d)    Upon notice from the Designating Party that it intends to

12  seek a Protective Order, the Receiving Party served with the subpoena, court order,

13  or public records request shall not produce any information designated in this action

14  as "CONFIDENTIAL" before a determination by the court from which the

15  subpoena or order issued, unless the Receiving Party has obtained the Designating

16  Party's permission.  The Designating Party shall bear the burden and expense of

17  seeking protection in that court of its confidential material, and nothing in these

18  provisions should be construed as authorizing or encouraging a Receiving Party in

19  this action to disobey a lawful directive from another court.

20

21  **10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

22           **PRODUCED IN THIS LITIGATION**

23        The terms of this Order are applicable to information produced by a

24  Non-Party in this action and designated as "CONFIDENTIAL." Such information

25  produced by Non-Parties in connection with this litigation is protected by the

26  remedies and relief provided by this Order.  Nothing in these provisions should be

27  construed as prohibiting a Non-Party from seeking additional protections.

28

25994\2895206.1

11.   **UNAUTHORIZED DISCLOSURE OF PROTECTED
MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must promptly: (a) notify in writing the Designating Party of the unauthorized disclosure, including all pertinent facts related to such disclosure; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom the unauthorized disclosure was made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Attachment A. Nothing in these provisions should be construed as prohibiting a Designating Party or Producing Party from seeking judicial relief from any Party or Non-Party for injuries arising from a violation of this Order.

12.   **INADVERTENT PRODUCTION OF PRIVILEGED OR
OTHERWISE PROTECTED MATERIAL**

Any Party or Non-Party producing documents, electronically stored information, or things under this Order is entitled to the full protection of, and is subject to the restrictions imposed by, Federal Rule of Evidence 502(d) and (e) and Federal Rule of Civil Procedure 26(b)(5)(B), which are hereby incorporated by reference in this Order.

13.   **MISCELLANEOUS**

13.1   Right to Further Relief. Nothing in this Order abridges (a) the right of any person to seek its modification by the Court in the future, or (b) any right, privilege, or protection available to any person under applicable law except as specifically set forth in the Protective Order.

- 13 -

[PROPOSED] PROTECTIVE ORDER

1          13.2   <u>No Waiver</u>. Neither the taking of any action in accordance with

2    the provisions of this Order, nor the failure to object hereto, shall be construed as a

3    waiver of any claim or defense in this action.  This Order shall not be construed as a

4    waiver of any right to object to the furnishing of information in response to

5    discovery and, except as expressly provided, shall not relieve any Party or Non-

6    Party of the obligation to produce information properly sought in the course of

7    discovery.  Nothing herein shall be construed to affect in any way the admissibility

8    of any document, testimony, or other evidence at trial of this action.  Nothing

9    contained in this Order or any declaration of confidentiality or restriction hereunder

10    shall be used or characterized by any Party as an "admission" by a Party opponent.

11    The failure of a Party to object to or to challenge a designation by another Party of

12    Protected Material shall not constitute an admission that the materials so designated

13    are in fact entitled to such designation or are entitled to any legal protection.

14          13.3   <u>Filing Protected Material</u>.  A Party or Non-Party that seeks to

15    file under seal any Protected Material must comply with Local Rule 79-5.  A Party

16    or Non-Party may not attach Protected Material to, or incorporate it in, an unsealed

17    Court filing unless it notifies the Designating Party of its intent to file the Protected

18    Material at least five (5) days prior to the anticipated filing date so that the

19    Designating Party may seek an Order from the Court sealing the Protected Material.

20    No Party or Non-Party (who is bound by this Order) may attach Protected Material

21    to, or incorporate it in, an unsealed Court filing while a petition to seal the Protected

22    Material is pending.

23          13.4   <u>Inconsistent Designations</u>.  In the event a Producing Party

24    produces two or more substantially identical copies of a document and one such

25    copy is designated as Protected Material and other such copies are not, all such

26    substantially identical documents shall be treated in accordance with the most

27    restrictive designation on any copy once the inconsistent designation is known. The

28    Producing Party shall be responsible for informing the Receiving Party(ies) of the

259942895206.1

1   inconsistent designation and promptly replacing with the correct designation any

2   materials it produced without such a designation.  If a Receiving Party has actual

3   knowledge of the inconsistent designation of Protected Material, it shall treat all

4   copies as if designated as Protected Material.

5

6   **14.**   **FINAL DISPOSITION**

7              Within sixty (60) days after the final disposition of this action, as

8   defined in paragraph 4, each Receiving Party must return all Protected Material to

9   the Producing Party or destroy such material.  As used in this subdivision, "all

10  Protected Material" includes all copies, abstracts, compilations, summaries, and any

11  other format reproducing or capturing any of the Protected Material.  Whether the

12  Protected Material is returned or destroyed, the Receiving Party must submit a

13  written certification to the Producing Party (and, if not the same person or entity, to

14  the Designating Party) by the sixty (60) day deadline that: (a) identifies (by

15  category, where appropriate) all the Protected Material that was returned or

16  destroyed, and (b) affirms that the Receiving Party has not retained any copies,

17  abstracts, compilations, summaries or any other format reproducing or capturing

18  any of the Protected Material.  Notwithstanding this provision, law firms that are

19  Outside Counsel of Record are entitled to retain one archival copy of all pleadings,

20  motion papers, trial and hearing transcripts, legal memoranda, correspondence, and

21  attorney work product, even if such materials contain Protected Material.  Any such

22  archival copies that contain or constitute Protected Material remain subject to this

23  Protective Order as set forth in Section 4 (DURATION).

24

25  **15.**   **GOOD CAUSE STATEMENT**

26              Defendant represents that good cause exists for the entry of this Order,

27  and the protection of materials designated CONFIDENTIAL in accordance

28  herewith, for the following reasons:

- 15 -

25994\2895206.1

15.1   <u>Defendant Participates in Competitive Markets</u>.  Defendant competes in the global market for PVC piping products.

15.2   <u>Proprietary Research and Development</u>.  Defendant allocates significant time and resources to researching and developing new and/or improved products for its markets.  Because Defendant gains a competitive advantage from research and development, Defendant maintains all materials related to research and development, including communications by and between research and development engineers, in strict confidence.  If Defendant's competitors were to gain access to Defendant's research and development materials, Defendant would suffer specific and irreparable harm in the form of lost competitive advantage.  For example, a competitor could exploit Defendant's research and development efforts to improve its own competitive products or to introduce a new competitive product to the market that would reduce Defendant's market share.

15.3   <u>Specifications and Formulations for Materials and Products</u>. Defendant maintains its manufacturing specifications and standard operating procedures, including communications by and between production engineers, in strict confidence because it gains competitive advantage and increased profit margin from these materials, which, for example, enables it to reduce costs through increased productivity and elimination of waste.  If Defendant's competitors were to gain access to Defendant's manufacturing specifications and/or standard operating procedures, Defendant would suffer specific irreparable harm in the form of lost competitive advantage and lost profit.  For example, a competitor could exploit Defendant's manufacturing specifications and/or standard operating procedures to reduce its own costs and neutralize Defendant's price advantage in the market.

Likewise, Defendant maintains the formulations for the PVC compounds it uses to manufacture piping products in strict confidence.  In the context of PVC compound, a proprietary formulation is analogous to a "secret recipe."  Defendant

- 16 -

25994\2895206.1

1   gains a competitive advantage from keeping its competitors ignorant as to the exact

2   ingredients, and the amounts thereof, that it uses in its PVC compound.  If a

3   competitor were to obtain Defendant's proprietary formulation for PVC compound,

4   Defendant would suffer specific, irreparable harm in the form of lost competitive

5   advantage.

6       15.4   Contracts and Communications with Vendors.  To minimize

7   costs, and thereby lower its prices to consumers and/or increase profit margin,

8   Defendant negotiates agreements to purchase vendors' goods and services at

9   discounted rates.  These discounted rates are kept confidential so that the vendors

10  do not lose business, for example, by charging Defendant less (or more) than they

11  charge other customers.  If Defendant's negotiated rates are made public, vendors

12  may refuse to offer further discounts to Defendant.  Accordingly, Defendant will

13  suffer specific, irreparable harm if its vendor contracts and associated

14  communications are not kept confidential.

15      15.5   Contracts and Communications with Customers Other than

16  Plaintiff.  A major component of Defendant's sales cycle is responding to requests

17  for bids received from customers.  Bid pricing depends on multiple factors.

18  Defendant may offer some customers lower prices than others.  Maintaining the

19  confidentiality of bids permits Defendant to be flexible in terms of pricing and

20  thereby close sales.  Further, Defendant uses "most favored nation" status to reward

21  the loyalty of its top customers.  If Defendant's contracts with customers, and

22  associated communications are made public, Defendant will suffer specific

23  irreparable harm in the form of lost opportunity to maximize the value of sales.  For

24  example, if Defendant's "most favored nation" rates become public, all of

25  Defendant's customers will demand "most favored nation" status.

26      15.6   Internal Testing and Quality Assurance Procedures, Results, and

27  Reports.  Defendant has invested significant time and resources in developing

28  proprietary quality assurance systems.  An element of these quality assurance

259994\2895206.1

[PROPOSED] PROTECTIVE ORDER

1   systems is testing equipment that is integrated into Defendant's production lines

2   and generates reports that are intended for Defendant's sole use. Defendant derives

3   a competitive advantage from its quality assurance systems because they enable

4   Defendant to quickly identify and remedy potential problems in the production line,

5   thereby maximizing productivity and minimizing waste. Defendant maintains

6   materials related to its quality assurance systems under strict confidence to protect

7   the competitive advantage they provide. In addition, Defendant does not publicize

8   the results of quality assurance testing to prevent its competitors from exploiting the

9   research and production-line improvement data that can be gleaned there from. For

10   example, if an adjustment to a production parameter causes a quality assurance test

11   failure, Defendant gains value from keeping such data to itself. Accordingly, if

12   information related to its proprietary quality assurance systems is publicly

13   disclosed, Defendant will suffer specific, irreparable harm in the form of lost

14   competitive advantage.

15       15.7   Communications with Testing Laboratories and Standards

16   Certifying Organizations. Defendant routinely shares information with testing

17   laboratories and standards certifying organizations that is subject to confidentiality

18   and non-disclosure agreements. Some of the information is related to Defendant's

19   research and development efforts and is confidential for the reasons discussed in

20   Paragraph 15.2 above. Other information is related to the certification of

21   Defendant's products and production facilities, and includes materials from which a

22   competitor could readily glean Defendant's proprietary product specifications and

23   formulations. For the reasons discussed in Paragraph 15.3 above, Defendant's

24   product specifications and formulations must be kept confidential.

25       15.8   Financial Statements and Supporting Accounting Records.

26   Defendant is a private company that, subject to Paragraph 15.9 below, is not

27   required to, and in fact does not, publicly disclose its financial statements or

28   supporting accounting and cash management records. Defendant maintains such

25994\2895206.1

1   materials confidential in part because they incorporate and reflect the value of the
2   Defendant's negotiated deals with vendors and customers, and therefore provide
3   Defendant with a competitive advantage for the reasons discussed in Paragraphs
4   15.4 and 15.5.  In addition, such materials provide details about the management
5   and strategic direction of Defendant, which information will lose its intrinsic value
6   if disclosed to Defendant's competitors.  For example, Defendant's accounting
7   records, including expense reports, may reveal Defendant's efforts to assess a
8   valuable business opportunity not known to the rest of the market.

9          15.9   Communications Between Defendant and Financial Institutions
10  Regarding Procedures and Records for Receipts, Records, Funds Management,
11  Borrowing, and Investments.  Defendant makes some limited disclosures of the
12  information described in Paragraph 15.8 to financial institutions in connection with
13  certain lines of credit.  These disclosures are made subject to confidentiality and
14  non-disclosure agreements.  Such materials are confidential for the reasons set forth
15  in Paragraph 15.8 and their publication will cause specific, irreparable harm to
16  Defendant in the form of lost competitive advantage, lost profit, and lost business
17  opportunity.

18         15.10  Personnel Records.  As recognized in Federal Rule of Civil
19  Procedure 5.2, individuals have a right to prevent the unnecessary disclosure of
20  their private information.  Since Defendant's employees are not parties to this
21  lawsuit, there would appear to be no justification to publicize otherwise private
22  personnel records including home contact information, health insurance records,
23  salary, performance reviews, discipline records and the like.  Disclosure of this
24  information will cause specific harm to Defendant's employees in the form of
25  embarrassment, potentially diminished earning capacity and job prospects, and the
26  mental duress that accompanies an invasion of privacy.

27
28

[PROPOSED] PROTECTIVE ORDER

25994\2895206.1

1    IT IS SO ORDERED.

2    Dated: December 16, 2011

3

4    By: _____

5    The Honorable ~~George H. Wu~~

6                              PATRICK J. WALSH

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] PROTECTIVE ORDER

25994\2895206.1

# **ATTACHMENT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Joint Stipulation and Protective Order that was issued by the United States District Court for the Central District of California on _____, 2011 in the case of *Cambridge Lane, LLC, v. J-M Manufacturing Company, Inc.*, Case No. CV10-06638 GW (PJWx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

///
///
///
///
///
///

[PROPOSED] PROTECTIVE ORDER

25994\2895206.1

1   I hereby appoint _____ [print or type full
2   name] of
3   _____ [print or
4   type full address and telephone number] as my California agent for service of
5   process in connection with this action or any proceedings related to enforcement of
6   this Stipulated Protective Order.
7
8   Date: _____
9
    City and State where sworn and signed: _____
10
    Printed name:    _____
11
                     [printed name]
12
    Signature:       _____
13
                     [signature]
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] PROTECTIVE ORDER

25994\2895206.1