1  David M. Birka-White (State Bar No. 85721)
   dbw@birka-white.com
2  Stephen Oroza (State Bar No. 84681)
   soroza@birka-white.com
3  Mindy M. Wong (State Bar No. 267820)
   mwong@birka-white.com
4  BIRKA-WHITE LAW OFFICES
   65 Oak Court
5  Danville, CA  94526
   Telephone:  (925) 362-9999
6  Facsimile:  (925) 362-9970

7  William R. Friedrich (State Bar No. 44731)
   wfriedrich@fbm.com
8  John D. Green (State Bar No. 121498)
   jgreen@fbm.com
9  FARELLA BRAUN & MARTEL LLP
   235 Montgomery Street, Suite 1700
10 San Francisco, CA 94104
   Telephone:  (415) 954-4400
11 Facsimile:  (415) 954-4480

12 Attorneys for Individual and Representative
   Plaintiff CAMBRIDGE LANE, LLC.
13

14              **UNITED STATES DISTRICT COURT**

15         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

16                    **WESTERN DIVISION**

17 CAMBRIDGE LANE, LLC, a                    Case No. CV 10-06638 GW (PJWx)
   California limited liability company, on
18 behalf of itself and all others similarly    **OBJECTIONS TO AND MOTION**
   situated,                                    **TO STRIKE PORTIONS OF JM'S**
19                                              **FURTHER BRIEFING**
                                               **REGARDING STATE-LAW ISSUES**
20                   Plaintiff,

21 v.                                          *The Honorable George Wu*

22 J-M MANUFACTURING COMPANY,                  Action Filed:   September 7, 2010
   INC., a Delaware corporation d/b/a J-M
23 PIPE MANUFACTURING
   COMPANY, and DOES 1-10, inclusive,
24
                     Defendants.
25

26

27

28

## RELIEF REQUESTED

Plaintiff Cambridge Lane, LLC ("Plaintiff") objects to and requests that the Court strike certain portions of the Further Briefing Regarding State-Law Issues Involving Multiple States In Connection With Motion for Class Certification ("Further Briefing") authored by Defendant J-M Manufacturing Company, Inc. ("Defendant" or "JM").  *See* Document No. 227, filed November 22, 2013. Specifically, Plaintiff requests that the Court strike the following:

1.  Section I.A. Defendant's Introduction, beginning to 6:13.

2. Section II.A.1, JM's Opening Statement on Differing Measures of Damages Across Different States' Laws, 16:6-17:15, 18:12-24:22.

3. Section II.B.1, JM's Opening Statement on Consumer Statutes That Require Facts Be Concealed With the Intent That Others Rely, 28:11-31:2.

4. Section II.C.1, JM's Opening Statement on Negligent Misrepresentation Statutes That Require That the Representations be Made With Intent That Others Rely, 34:15-20.

5. Section II.D.1, JM's Opening Statement on Reliance Required for Consumer Fraud Claims, 37:8-38:5.

6. Section II.E.1, JM's Opening Statement on Reliance for Express Warranty Claims, 45:4-47:14.

7. Section II.F.1, JM's Opening Statement on Prolonged Use as a Defense to Warranty Claims, 50:23-51:4.

8. Section I.C. – Defendant's Reply, 13:23-14:20.

9. Section II.A.3 – JM's Reply Statement on Differing Measures of Damages Across Different States' Laws, 27:9-22.

10. Section II.B.3 – JM's Reply Statement on Consumer Statutes That Require Facts Be Concealed With the Intent that Others Rely, 33:14-34:3.

1

11. Section II.C.3 – JM's Reply Statement on Negligent Misrepresentation Statutes That Require That the Representations be Made With Intent That Others Rely, 36:17-23.

12. Section II.D.3 – JM's Reply Statement on Reliance Required for Consumer Fraud Claims, 43:8-44:24.

13. Section II.E.3 – JM's Reply Statement on Reliance for Express Warranty Claims, 49:9-50:8.

14. Section II.G.3 – JM's Reply Statement on Effect of Estoppel to Plead Statute of Limitations, 59:22-61:6.

These portions of JM's submission should be stricken because they are irrelevant to the issues before this Court. *See generally* Fed. R. Civ. Proc. 12(f) (allowing Court to strike any redundant, immaterial, impertinent, or scandalous matter). Moreover, much of JM's submission also constitutes improper reargument under Local Rule 7-18.

## **ARGUMENT**

Between December 2, 2010 and February 27, 2012, the parties briefed the issue of class certification. On March 15, 2012, this Court issued a tentative ruling granting class certification. The parties then engaged in a meet and confer process which allowed them to identify and research all alleged disputes about state law and present them to the Court. On September 26, 2013, this Court issued a Further Ruling based upon Joint Stipulation Regarding State Law Issues. In that Ruling, the Court identified nine issues on which one or both parties contended that California law actually differs from other states or potentially differs from other states. The Court held that JM "must make some factual proffer demonstrating a plausible reason to believe that any of the difference it has identified amongst the various states' laws is actually a material difference in the context of this case." *See* September 26, 2013 Ruling at pg. 5.

OBJECTIONS TO AND MOTION TO STRIKE JM'S FURTHER BRIEFING ON STATE LAW ISSUES

25994\3968551.1

Instead of making those factual proffers in the first round of briefing, JM chose to rehash arguments that it made in connection with its motion to dismiss and the class certification briefing.  As shown in Attachment A to this motion, Plaintiff has already addressed these arguments and, more importantly, the Court has rejected them.  These arguments are wholly irrelevant to the only issue that is currently before this Court: whether JM can make some factual proffer that any of the nine remaining state law issues is material.

Of the nine issues that the Court identified in its September 26, 2013 ruling, JM failed to even address two of the issues and introduced either no evidence or irrelevant evidence in support of six of the other seven.  All of the irrelevant evidence presented by JM should be stricken from the record.

## PLAINTIFF'S OBJECTIONS TO JM'S
## OPENING SUBMISSION BY ISSUE

**Issue 3**: *The consumer protection statutes of some states require that if a claim is based solely on concealment (i.e., no affirmative misrepresentations), the concealment must be with 'intent that others rely.' E.g, Ariz. Rev. Stat. Ann. §§ 44-1522(A). JM asserts that is materially different from California law which contains no such requirement.*

- JM has misstated the issue by failing to address the law regarding claims based *solely* on concealment.  There is no separate reliance requirement for omissions where the concealment of facts is in aid of affirmative misrepresentations.
- JM does not contend that it did not intend for others to rely on the pipe markings which are the principal misrepresentation in this case.

In light of these facts, none of the arguments made by JM in Section II.B.1 of the Further Briefing are relevant.

**Issue 4**: *Negligent misrepresentation statutes in some states (and one consumer*

OBJECTIONS TO AND MOTION TO STRIKE JM'S FURTHER BRIEFING ON STATE LAW ISSUES

25994\3968551.1

*statute) require that the representation be made with the intent that others rely on the statement. JM asserts that is materially different from California law which contains no such requirement.*

- JM does not contend that it did not intend for others to rely on the pipe markings which are the principal misrepresentation in this case.

In light of this fact, none of the arguments made by JM in Section II.C.1 of the Further Briefing are relevant.

**Issue 5**: *JM contends that the consumer fraud statutes in some states require that the plaintiff establish reasonable reliance and that this requirement is materially different from California law.*

- As the Court noted in its Tentative Ruling: "JM contends that the consumer fraud statutes in some states require that the plaintiff establish reasonable reliance and that this requirement is materially different from California law." *State Law Ruling* at 1. As it does elsewhere, JM now makes the *opposite* argument, *i.e.*, that California *does* require reliance by the named representative and that this is materially different from states which do not.

Because JM has addressed an issue on which the Court did not solicit a "further factual proffer," JM's argument in Section II.D.1 of the Further Briefing should be stricken as unauthorized and beyond the scope of the permitted factual proffer. JM should not be permitted to avoid resolution of issues by endlessly toggling back and forth between contradictory positions on points of California law.

- In arguing its new position, JM has not identified which states' laws allegedly conflict with California law or otherwise met the requirements of *Washington Mutual* and this Court to identify *each* state law which it alleges conflicts with California law. In the absence of this specification neither Plaintiff nor the Court can judge the

OBJECTIONS TO AND MOTION TO STRIKE JM'S FURTHER BRIEFING ON STATE LAW ISSUES

25994\3968551.1

1  genuineness of the alleged conflict or assess the effect of the alleged

2  difference on any proposed redefinition of the Class.

3  Because JM's submission is not in accordance with the Court's prior orders

4  on the need to specify each alleged conflict, all of JM's argument in Section II.D.1

5  of the Further Briefing should be stricken as unauthorized and irrelevant.

6  **Issue 6**: *JM contends that some states do not require that the plaintiff in an express*

7  *warranty case establish reliance on the warranty and that this requirement is*

8  *materially different from California law.*

9  • In the prior Joint Statement, JM contended that California law did

10  require reliance.  In the present Joint Statement, JM takes the opposite

11  position – that California law does not require reliance.  The Court

12  authorized supplemental briefing to allow JM to make a factual proffer

13  that the purported difference was material, not to allow JM to entirely

14  reverse course on legal positions identified by meet and confer in July.

15  Section II.E.1 of the Further Briefing should be stricken as unauthorized and

16  beyond the scope of the ordered briefing.  JM should not be permitted to avoid

17  resolution of issues by endlessly toggling back and forth between contradictory

18  positions on points of California law.

19  **Issue 8**: *JM asserts that in some states, a plaintiff's claim for breach of warranty*

20  *may be barred if the Plaintiff has enjoyed 'prolonged use' of the product without*

21  *failure. Such use results in a waiver to revoke acceptance of goods. JM asserts that*

22  *is materially different from California law.*

23  • JM has not shown that California law on prolonged use differs from the

24  foreign law it cites.  The California law it cites is limited to Song-

25  Beverly Consumer Warranty Act claims involving the purchase of

26  motor vehicles.

27  Since JM has demonstrated no conflict between California law and the law of

28

1    any other state, Section II.F.1 of the Further Briefing should be stricken as

2    irrelevant.

3    **Issue 9**: *JM asserts that different states use different measures of damage (out-of-*

4    *pocket versus benefit of the bargain).*

5        • The only issue presented to the Court was whether a difference between

6          the out-of-pocket measure of damages (affecting two states) and the

7          difference between states whose consumer protection laws allow only

8          restitution and those which allow damages are material.  JM has

9          completely misstated the issue by arguing that Plaintiff asserts that no

10         difference in damage remedy in any state is material.  This is not

11         Plaintiff's position and is not the issue on which the Court solicited a

12         further factual proffer.

13       For this reason all arguments addressed to any issue other than those posed in

14   presented in the Joint Stipulation are unauthorized by the Court's solicitation of a

15   further proffer and are irrelevant.

16       • JM does not make any factual proffer to attempt to show that the

17         different measures of damage or remedies could potentially lead to

18         different results.  Thus, it has failed to show that the purported

19         differences in state law are material to this case.

20       With respect to the actual issue raised, JM makes no further relevant factual

21   proffer, making the balance of its argument irrelevant.

22                    **PLAINTIFF'S OBJECTIONS TO JM'S**

23                    **REPLY SUBMISSION BY ISSUE**

24   **Issue 3:**  *Improper Reply.*

25       • Although the issue of whether there is a separate intent requirement for

26         claims based solely on concealment was raised as early as the meet and

27         confer process preceding the Joint Stipulation, JM did not address the

28                              6                    Case No. CV10-06638-GW (PJWx)
     OBJECTIONS TO AND MOTION TO STRIKE JM'S FURTHER BRIEFING ON STATE LAW ISSUES

1    issue in the Joint Stipulation or in its initial submission here.  Instead it

2    discusses the issue for the first time in reply, depriving Plaintiff of the

3    opportunity to respond.

4    • The same is true of JM's newly minted contention that it did not intend

5    class members to rely on its stamping of the pipe.  Moreover, JM offers

6    nothing but the statement of its counsel, which is not a factual proffer

7    by JM concerning JM's intent.  Even that statement is speculation about

8    the intent of JM's customers, not JM's intent when it stamped the pipe.

9    **Issue 4:** *Improper Reply*

10   • Although the issue of whether JM contends that it did not intend for

11   others to rely on its marking of the pipe was raised as early as the meet

12   and confer process preceding the Joint Stipulation, JM did not address

13   the issue in the Joint Stipulation or in its initial submission here.

14   Instead it discusses the issue for the first time in reply, depriving

15   Plaintiff of the opportunity to respond.  Moreover, JM offers nothing

16   but the statement of its counsel, which is not a factual proffer by JM

17   concerning JM's intent.  Even that statement is speculation about the

18   intent of JM's customers, not JM's intent when it stamped the pipe.

19   **Issue 5:** *Irrelevant, Improper Reargument of Class Certification Issues.*

20   • As with JM's initial submission, everything in this section is irrelevant

21   to the issue actually raised.  In fact, this section does not address state

22   law differences in any significant way.  It is simply an almost verbatim

23   reargument of positions taken by JM in its class certification

24   proceedings.

25   **Issue 6:** *Irrelevant, Improper Reargument of Class Certification Issues.*

26   • JM's reply is as irrelevant to the issue raised in the Joint Stipulation as

27   was the initial argument.  Moreover, it does not even purport to address

28

OBJECTIONS TO AND MOTION TO STRIKE JM'S FURTHER BRIEFING ON STATE LAW ISSUES

25994\3968551.1

state law differences.  It is simply an improper reargument of class

certification issues.

**Issue 7:**  *Irrelevant, Improper Reargument of Class Certification Issues.*

- JM still does not identify a single state whose law is allegedly different

  from California.  This is simply a reargument of class certification

  issues.

**Issue 9:**  *Irrelevant, Improper Reargument of Class Certification Issues.*

- As with its initial section, almost everything in this section is irrelevant

  to the issue actually raised and is an almost verbatim reargument of

  positions taken by JM in its motion to dismiss and class certification

  pleadings.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In addition to the foregoing objections Plaintiff objects to the arguments

identified in the attached table on the ground that they are irrelevant to this motion,

are not authorized and constitute the re-argument of issues raised by JM previously

decided by the Court adversely to JM.  As they raise no new issue of fact or law,

they would be improper arguments even if raised in a different context.[1]

For the Court's convenience, the attached table sets forth each such argument

now made by that JM, the prior argument made by JM in opposition to class

certification (or in support of its motion to dismiss), and the Court's disposition of

---

[1] To the extent that JM is asking this Court to revisit its March 15, 2012 ruling on class certification or its prior ruling on its motion to dismiss, JM's submission is an improper motion for reconsideration.  *See* Local Rule 7-18 ("A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.").

8

1    each such argument.

2                              <u>**CONCLUSION**</u>

3          For all of the foregoing reasons, Plaintiff's objections should be sustained

4    and its motion to strike should be granted.

5

6    Dated: November 25, 2013              FARELLA BRAUN + MARTEL LLP

7

8                                          By:    /s/ John D. Green
                                                    John D. Green

9                                          *Attorneys for Individual and Representative*
10                                         *Plaintiff* CAMBRIDGE LANE, LLC

11

12   25994\3952009.2

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                      9
                                          Case No. CV10-06638-GW (PJWx)
     ─────────────────────────────────────────────────────────────────
     OBJECTIONS TO AND MOTION TO STRIKE JM'S FURTHER BRIEFING ON STATE LAW ISSUES

     25994\3968551.1