# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-6638-GW(VBKx) | Date | December 5, 2013 |
|---|---|---|---|
| Title | *Cambridge Lane, LLC v. J-M Manufacturing Company, Inc., et al.* | | |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Stephen Oroza | Thomas V. Reichart |
| John D. Green | |

**PROCEEDINGS:   PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [16]**

The Court's Considerations on Further Hearing Regarding State-Law Issues Involving Multiple States, is circulated and attached hereto. Court hears oral argument. For reasons stated on the record, Plaintiff's motion is continued to **December 12, 2013 at 8:30 a.m.** Parties may appear telephonically provided that notice is given to the clerk by December 10, 2013.

| | : | 27 |
|---|---|---|
| Initials of Preparer | JG | |

*Cambridge Lane, LLC v. J-M Mfg. Co., Inc.*, Case No. CV-10-6638
Considerations on Further Hearing Regarding State-Law Issues Involving Multiple States

Plaintiff Cambridge Lane, LLC ("Plaintiff") and defendant J-M Manufacturing Company, Inc., d/b/a/ J-M Pipe Manufacturing Company ("Defendant") return to Court for a further discussion of conflicts of law issues related to the ultimate question of whether California law can be applied in this class action intended to cover class members from multiple states. *See generally Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 589-94 (9th Cir. 2012). As part of this process, the parties originally (at least insofar as this Court was concerned) identified nine issues with respect to which one or both of the sides believe California law actually differs from other states or potentially differs from other states. The nine issues were described in the parties' initial joint brief as follows:

1) "whether differences between statute of limitations periods (*e.g.*, four or six years) are material where the claim accrues only when the plaintiff knew or should have known the facts giving rise to the claim";

2) "whether Plaintiff's evidence that JM is estopped to plead the statute of limitations against Class members renders differences between statute of limitations periods immaterial";

3) "The consumer protection statutes of some states require that if a claim is based solely on concealment (i.e., no affirmative misrepresentations), the concealment must be with 'intent that others rely.' *E.g.*, Ariz. Rev. Stat. Ann. §§ 44-1522(A). JM asserts that is materially different from California law which contains no such requirement.";

4) "Negligent misrepresentation statutes in some states (and one consumer statute) require that the representation be made with the intent that others rely on the statement. JM asserts that is materially different from California law which contains no such requirement.";

5) "JM contends that the consumer fraud statutes in some states require that the plaintiff establish reasonable reliance and that this requirement is materially different from California law.";

6) "JM contends that some states do not require that the plaintiff in an express warranty case establish reliance on the warranty and that this requirement is materially different from California law.";

7) "JM asserts that in some states, a plaintiff's claim for breach of warranty may be limited or barred if the Plaintiff was partially responsible for the loss. JM asserts that is materially different from California law.";

8) "JM asserts that in some states, a plaintiff's claim for breach of warranty may be barred if the Plaintiff has enjoyed 'prolonged use' of the product without failure. Such use results in a waiver to revoke acceptance of goods. JM asserts that is materially different from California law.";

9) "JM asserts that different states use different measures of damage (out-of-pocket versus benefit of the bargain)."

On September 26, 2013, the Court held a hearing in which it issued a tentative "Further Ruling based upon Joint Stipulation Regarding State Law Issues" that it adopted, after the hearing, as its "final ruling." Docket No. 222. The upshot of that "ruling" was the observation that Defendant had not made a sufficient proffer of facts to demonstrate that any of the differences in law it had identified would likely serve as "material" differences within the context of this case. Moreover, with respect to 2 of the aforementioned 9 issues – issues 2 and 8 – the Court ruled that Defendant had not even demonstrated differences in states' laws, much less a "material" difference. The parties' further efforts since that ruling should have been focused on an attempt to resolve Defendant's prior deficiency(ies), one way or the other.[1]

From a review of the parties' latest briefing, the following issue would appear to be susceptible to the conclusion that a material difference in law would be present:

a) Different measures of damages, *i.e.* Issue #9. If Defendant is correct that certain states simply would not award any damages where the product in questioning has functioned perfectly well,[2] then this is not – as Plaintiff has

---

[1] The Court agrees with Plaintiff that an argument concerning whether individual issues will predominate, making any class certification inappropriate, is not within the design of this *Mazza*-required choice of law analysis.

[2] One remaining question would be whether Defendant must make a showing in this area by relying on cases, such as this one, where the warranty period or projected useful life of the product has not come close to reaching its end. If the cases Defendant relies upon have not involved that situation, the Court might be

argued – just a difference in theory with no impact on amount. Even if this issue as now presented is slightly different than originally assessed in advance of the September 26 hearing, if Defendant is correct, there is no sense in the Court pretending the material difference does not exist.

With respect to certain other issues, it appears that the parties are no longer even on the same page as to the definition of the issue. This makes it somewhat difficult for the Court to assess whether a material difference in law has been shown or not. For example, the parties' discussion of whether consumer protection statute-based claims require "intent that others rely" when the claim is based on concealment (or *solely* on concealment, as the parties originally framed the issue) – Issue #4. Defendant argues that this presents a material difference because, for example, it had no intention that customers rely on the UL stamp where customers had no fire protection-related basis for purchasing pipes bearing such stamps. The same intent question comes into play with respect to states imposing a similar requirement on negligent misrepresentation claims – Issue #3. This might be one area where the parties' focused efforts at oral argument could shed some further light on a proper resolution.

In addition, whether there is a material difference concerning the requirement – or not – of actual reliance would seem to depend, ultimately, on how the Court would resolve the question of whether universal reliance could be said to be built into the system. This would seemingly impact, at a minimum, Issues #5 and #6. The Court might ask the parties' views on whether it should attempt to resolve that issue before it can proceed further with this task on this topic.

Finally, it appears that Defendant has failed to demonstrate a material difference in law with respect to Issues #1, #2, #7 and #8.

---

able to conclude that Defendant's authorities are distinguishable (depending on the language of the decisions).