Ekwan E. Rhow - State Bar No. 174604
    eer@birdmarella.com
Paul S. Chan - State Bar No. 183406
    psc@birdmarella.com
Thomas V. Reichert - State Bar No. 171299
    tvr@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT,
    NESSIM, DROOKS & LINCENBERG, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California  90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant
J-M Manufacturing Company, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| CAMBRIDGE LANE, LLC, a California limited liability company, on behalf of itself and all others similarly situated,<br><br>        Plaintiffs,<br><br>        vs.<br><br>J-M MANUFACTURING COMPANY, INC., a Delaware corporation, d/b/a    J-M PIPE MANUFACTURING COMPANY, and DOES 1-10, inclusive,<br><br>        Defendants. | CASE NO. CV 10-06638-GW (PJWx)<br><br>**Further Briefing On Certain Class Certification Issues by Defendant J-M Manufacturing Company, Inc.** |

3082846.4

# **TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ............................................................................................. 1

II.    ISSUES FOR FURTHER BRIEFING ............................................................... 1

    A.    Equitable Estoppel (Former #2) ......................................................... 1

        1.    J-M's Argument. ................................................................... 1

    B.    Concealment: Intent That Others Rely (Former #3) ......................... 3

        1.    J-M's Argument. ................................................................... 3

    C.    Identification by Plaintiff of Items Forming Claims (New Question From pages 34-35 of December 2013 hearing transcript)............................. 5

        1.    J-M Argument. ...................................................................... 5

    D.    Requirement of Reliance In Consumer Protection Laws (Former #5)............ 6

        1.    J-M Argument ........................................................................ 7

    E.    Whether Cambridge Lane Can Represent Purchasers Of Other Pipe Products (New Question From December Hearing) ......................... 8

        1.    J-M Argument. ...................................................................... 8

    F.    Reliance For Warranty Claims (Former #6): ............................... 10

        1.    J-M Argument. .................................................................... 10

    G.    Effect of Prolonged Use On Warranty Claims (Former #8) ........................ 12

        1.    J-M Argument. .................................................................... 13

    H.    Damages Variations And Standing To Sue Without Product Failure (Former #9)......................................................................................... 13

            a.    California law:.......................................................... 13

            b.    Other states permit actual damages:........................ 13

            c.    States Permitting Treble damages:........................... 14

            d.    States Permitting Punitive damages:........................ 15

            e.    States Permitting Award of Attorneys' Fees:........................ 15

            f.    States and jurisdictions that do not permit claims when the product has not failed. ....................................... 16

i

Further Briefing On Certain Class Certification Issues by Defendant J-M Manufacturing Company, Inc.

g.    State decisions ........................................................ 16

1.    J-M Argument. ................................................... 17

I.    Identification by Plaintiff of Harms For Which Recovery Is Sought (New Question From Court).......................................................... 18

1.    J-M Argument. ................................................... 18

III.    CONCLUSION ........................................................................ 19

Further Briefing On Certain Class Certification Issues by Defendant J-M Manufacturing Company, Inc.

# I

## INTRODUCTION

Pursuant to the direction of the Court at the December 12, 2013 hearing, defendant J-M Manufacturing submits the following list of outstanding issues relating to class certification and brief arguments.

J-M developed this list of issues from a review of the transcript of the December hearing.  During the hearing, in addition to identifying certain issues that had been the subject of prior discussion and briefing – for which the Court ordered further briefing – the Court also raised several issues that it asked the parties to address.

J-M provided the list of issues to Plaintiff's counsel on February 3, 2014. Unfortunately, in the subsequent meet-and-confer process, plaintiff took the position that most of the items (in particular, the issues raised by the Court) did not require briefing at this time, that J-M had not met its burden, etc.  As they did during the December hearing, plaintiff's counsel continues to take a highly formalistic view about what issues "are" or "aren't" on the table for discussion, regardless of whether the Court asked for briefing on these issues.  As the Court noted repeatedly during the hearing, this briefing is part of the class certification process.  All the issues that are being addressed are class certification issues that bear on whether a class can be certified and what the contours of such a class would include.  There is really no magic to this.  It is not clear if Plaintiff will actually address the issues substantively in its submission, but J-M intends to do so regardless.

# II

## ISSUES FOR FURTHER BRIEFING

### A.      Equitable Estoppel (Former #2)

Whether the invocation of equitable estoppel to avoid application of the statute of limitations can occur on a class-wide basis, or whether the individualized nature of the inquiry would preclude class-wide application.

#### 1.      J-M's Argument.

This is not an issue that involves differences between California law and the law of

1

Further Briefing On Certain Class Certification Issues by Defendant J-M Manufacturing Company, Inc.

1   other states.  It is a substantive problem raised by California law itself.  As California law

2   makes plain, plaintiffs cannot invoke the doctrine of equitable estoppel to avoid the

3   problems raised by varying statutes of limitations or to avoid application of the statute of

4   limitations at all.  Plaintiff has sought certification of a class going back to 1996.  This case

5   was filed in 2010.  The laws of the various states are different with regard to the

6   application of the statutes of limitations for the various types of claims – warranty,

7   consumer protection, and fraud – that form the basis of plaintiff's claims.  Plaintiff seeks to

8   avoid this problem by invoking the doctrine of fraudulent concealment to toll the running

9   of the statute of limitations.  It cannot do so.  These are real and material differences that

10  should either preclude certification or, at the least, demand the creation of subclasses along

11  appropriate divisions in state law.

12        The Ninth Circuit has very clearly stated California law when it comes to the

13  doctrine of equitable estoppel or fraudulent concealment.

14        Equitable estoppel, also termed fraudulent concealment, halts the statute of

15        limitations when there is active conduct by a defendant, above and beyond

16        the wrongdoing upon which the plaintiff's claim is filed, to prevent the

17        plaintiff from suing in time.  The plaintiff must demonstrate that he relied on

18        the defendant's misconduct in failing to file in a timely manner and must

19        plead with particularity the facts which give rise to the claim of fraudulent

20        concealment.

21  *Guerrero v. Gates*, 442 F.3d 697, 706-07 (9th Cir. 2006) (internal quotation and footnotes

22  omitted).  In *Gates*, plaintiff's attempted invocation of this doctrine did not succeed

23  because "the defendants did not engage in any fraudulent conduct *above and beyond* the

24  upon which the plaintiff's claim is filed."  *Id.* at 707 (emphasis in original; footnote

25  omitted).

26        In this case, as addressed further below, plaintiff has not stated what statements or

27  omissions form the basis for its fraud/concealment claims, and in the meet-and-confer

28  process indicated that it will not do so even now, after the Court directed it to do so.  But

2

Further Briefing On Certain Class Certification Issues by Defendant J-M Manufacturing Company, Inc.

1  there is nothing, either in the complaint or in the class certification materials, that suggests

2  that plaintiff alleges that J-M engaged in any fraudulent conduct "above and beyond" the

3  alleged misrepresentations or concealments that form the basis for plaintiff's claims, either

4  for the named plaintiff or for the class.  And, indeed, given the individualized nature of the

5  inquiry – did J-M make a representation to any particular plaintiff to induce it not to bring

6  a claim? did such plaintiff actually not bring a claim as a result? – such an issue is

7  precisely the type of issue for which classwide treatment is particularly unsuited.

8  **B.      Concealment: Intent That Others Rely (Former #3)**

9        Whether the difference between California's law and that of other states that require

10  a showing that the defendant must have intended that others rely in a concealment claim

11  under their consumer protection laws creates a material difference for purposes of this

12  case.

13  States/Statutes in question:

14  Ariz. Rev. Stat. Ann. §§44-1522(A).

15  Ark. Code Ann. §§ 4-88-108(2).

16  Colo. Rev. Stat. Ann. §§ 6-1-105(1)(u)

17        **1.      J-M's Argument.**

18        The consumer protection statutes of some states require that if a claim is

19  based on concealment, the concealment must be performed with the intent that

20  others rely on it.

21        It appears that plaintiff takes the position that none of their claims are

22  "concealment" claims.  But in fact this appears to be a pure concealment case.  We

23  say it "appears to be" because we still don't have from plaintiff an identification of

24  the statements/omissions that form the basis for its claims, and from the meet-and-

25  confer process it appears that it will not provide that identification even now, after

26  the Court has asked for it.  The many problems this raises is addressed in the next

27  item more fully; for now, we will assume that plaintiff's claims arise out of the

28  statements made in the catalogs and pipe stampings.

Taking these as the predicate for its claim, this is a pure concealment case.  It appears to be plaintiffs argument that, although these representations were correct at one point in time, they are not correct now.  In other words, according to plaintiff the problem is that J-M is concealing the fact that its pipe is manufactured in ways that differ (in composition or process) from the way that it was manufactured at the time it was certified, and therefore no longer meets the standards that are advertised.  J-M fails to disclose that it process or composition are not the same as what was used at the time the pipe was certified.

It is clear that Plaintiff's case includes concealment claims.  Indeed, concealment is expressly listed in paragraph 109(g) of the Third Amended Complaint as one of Plaintiff's class allegations of common issues of law and fact.  If this case is not about concealment of material facts, then Plaintiff should agree to amend its Third Amended Complaint to remove the various concealment allegations that say exactly what J-M just outlined above.  These were identified in prior briefing, but a few particular ones are worth pointing out:

- "Whether JM concealed material information regarding the nature and quality of its PVC pipe products which it was under a duty to disclose" (TAC, ¶ 109(g));

- "JM actively concealed from Plaintiff and the Class information essential to the Class …." (TAC, ¶ 89);

- "JM … actively concealed the true character, quality, and nature of the PVC pipe …."  (TAC, ¶ 103);

- "JM knowingly concealed and intentionally failed to disclose to Plaintiff and the Class the facts described in Paragraphs 89 and 90 hereof."  (TAC, ¶ 133).

On the second issue – that the misrepresentation must have been made with the intent that others rely – plaintiff has introduced no evidence to support anything about intent.  "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal–Mart Stores, Inc. v. Dukes*, __

4

Further Briefing On Certain Class Certification Issues by Defendant J-M Manufacturing Company, Inc.

1   U.S. __, 131 S.Ct. 2541, 2551 (2011). "[A]ctual, not presumed conformance with

2   Rule 23(a) remains ... indispensable." *Gen. Tel. Co. of SW v. Falcon,* 457 U.S. 147,

3   160, 102 S.Ct. 2364 (1982).  It simply asks that the Court *presume* intent.  There is

4   argument, and there is evidence.  Plaintiff has offered no evidence, only argument.

5        This issue of reliance is a particular problem because of the proposed

6   composition of the plaintiff class.  Plaintiff does not propose a class of people who

7   *purchased* J-M pipe.  Plaintiff proposes a class of people who currently *own*

8   locations in which J-M pipe is *installed*.  In other words, if someone installed J-M

9   pipe in 1997 in a new construction, and that property has changed hands three times

10  since then, the current owner would be the proposed class member, even though

11  they had nothing to do with the purchase or installation of the pipe.  Reliance is,

12  simply, out the window as a meaningful element of any fraud-based claim.

13       Similarly, because the class is so enormous – anyone who owns any of the

14  products in ten pipe families made by J-M – the "intent that others rely" becomes

15  too broad at the edges.  This case covers a lot of pipe, and does not limit it to pipe

16  used for the purpose intended in the catalogs or in the stated uses associated with the

17  certifications in question.  UL certification is for fire suppression systems.  Did J-M

18  intend for someone to rely on the UL certification for a different system?  It is

19  plaintiff's burden to show this, and it hasn't.

20  **C.    Identification by Plaintiff of Items Forming Claims (New Question From pages**

21          **34-35 of December 2013 hearing transcript)**

22       During the December hearing, the Court directed plaintiff to identify the items that

23  it is asserting form the basis for the fraud/misrepresentation/concealment.  Are they

24  asserting anything other than the stampings on the pipes and/or the statements made in

25  catalogs?

26       **1.    J-M Argument.**

27       This was a task assigned to plaintiff.  During the meet-and-confer process, plaintiff

28  indicated that it did not think that it was obligated to provide this information as part of

5

Further Briefing On Certain Class Certification Issues by Defendant J-M Manufacturing Company, Inc.

1    this briefing process.  It appears that it will not do so now.

2        The fact that we are so deep into a class certification process and the plaintiff will

3    not list the statements or concealments that form the basis of its claims is a real problem.

4    Plaintiff's claims are warranty claims, fraud claims and consumer protection claims

5    premised on some type of fraud.  All of them are bottomed on an untrue assertion or the

6    concealment of some material fact.  Most of these laws require some form of reliance –

7    certainly the fraud/negligent misrepresentation claims do, as do many of the consumer

8    protection laws, as well as the warranty claims.  How can we judge reliance if we don't

9    know what the representation or concealment is?  How can we judge reasonableness of

10   reliance?  How can we determine the scope or composition of any class, how can we

11   assess differences in state laws, how can we decide materiality without knowing what the

12   statements or omissions are that form the basis of plaintiff's claims?

13       Until plaintiff definitively identifies the statements or omissions that form the basis

14   of the claims it is asserting, all the rest of this is simply a waste of time.

15   **D.      Requirement of Reliance In Consumer Protection Laws (Former #5)**

16       Whether California's consumer protection law is materially different from the laws

17   of other states in not requiring a showing of reliance by each plaintiff.

18   **States/Statutes in question:**

19   Colorado: *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142,
20   147 (Colo. 2003);

     Minnesota:  *Thompson v. Am. Tobacco Co.*, 189 F.R.D. 544, 553 (D. Minn. 1999);
21   *Parkhill v. Minn. Mut. Life Ins. Co.*, 188 F.R.D. 332, 344-45 (D. Minn. 1999);

22   North Carolina: *Hageman v. Twin City Chrysler Plymouth, Inc.*, 681 F. Supp. 303
23   (M.D.N.C. 1988);

     Oregon: *Feitler v. Animation Celection, Inc.*, 170 Ore. App. 702, 712-12, 13 P.3d 1044,
24   1050 (Or. Ct. App. 2000);

25   Pennsylvania: *Toy v. Metro Life, Inc. Co.*, 2004 Pa. Super. 404 at P27, 863 A.2d 1, 11 (Pa.
     Super. 2004); *Weinberg v. Sun Co. Inc.*, 777 A.2d 442, 444 (Pa. 2001); *DiLucido v.*
26   *Terminix Int'l Inc.*, 676 A.2d 1237 (Pa. Super. Ct. 1996);

27   South Dakota:  *Nw. Pub. Serv. v. Union Carbide Corp.*, 236 F. Supp. 2d 966, 973-74
     (D.S.D. 2002); S.D. Codified Laws § 37-24-6(1);

28

6

Further Briefing On Certain Class Certification Issues by Defendant J-M Manufacturing Company, Inc.

Washington:  *Robinson v. Avis Rent-A-Car Sys. Inc.*, 106 Wn. App. 104, 113, 22 P.3d 818, 823 (Wash. Ct. App. 2001)

### 1.    J-M Argument

As the Ninth Circuit held in *Mazza*, this difference in the reliance requirement is material.

> California also requires named class plaintiffs to demonstrate reliance, while some other states' consumer protection statutes do not. *See, e.g., Egwuatu v. South Lubes, Inc.,* 976 So. 2d 50, 53 (Fla. App. 2008); *Dabush v. Mercedes-Benz USA, Inc.,* 378 N.J. Super. 105, 874 A.2d 1110, 1121 (App. 2005); *Stutman v. Chem. Bank,* 95 N.Y.2d 24, 709 N.Y.S.2d 892, 731 N.E.2d 608, 611–12 (2000).
>
> We conclude that these are not trivial or wholly immaterial differences.… In cases where a plaintiff did not rely on an alleged misrepresentation, the reliance requirement will spell the difference between the success and failure of the claim.

*Mazza v. American Honda Motor Co.*, 666 F.3d 581, 591 (9th Cir. 2012).

Here, if a plaintiff did not rely on a representation, it does not have a claim.  (Of course, given the reliance requirement for fraud, the lack of reliance would doom their fraud claims as well.)  In point of fact, if a plaintiff cannot show reliance, there is no Article III standing.

> "[N]o class may be certified that contains members lacking Article III standing ... The class must therefore be defined in such a way that anyone within it would have standing." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006). Currently, the class definition includes all persons within the United States who own a 20–inch Aluminum iMac. This definition necessarily includes individuals who did not purchase their 20–inch Aluminum iMac, individuals who either did not see or were not deceived by advertisements, and individuals who suffered no damages. Such individuals

7

1   would lack standing to bring these claims.

2   *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009).  Again, as *Sanders*

3   makes plain, plaintiff's class is overbroad in its attempt to sweep in all current *owners* of J-

4   M pipe, and plaintiff cannot simply dispense with the requirement of actual reliance.

5   Reliance or non-reliance is a crucial issue.

6   **E.   Whether Cambridge Lane Can Represent Purchasers Of Other Pipe Products**

7   **(New Question From December Hearing)**

8   Where plaintiff Cambridge Lane acquired only one of the types of pipe involved

9   here, Blue Brute C900, can it represent a class that would encompass plaintiffs that own

10   other pipe families that Cambridge Lane did not purchase?

11   **1.   J-M Argument.**

12   The Court raised this issue during the December hearing.  As we know, there is

13   only one named plaintiff in this case, and it has admitted that it only purchased one type of

14   J-M pipe.  Plaintiff Cambridge Lane purchased pipe from only one of the ten pipe families

15   – number 1, Blue Brute Potable Water.  Because each such subclass of pipe families

16   requires its own adequate representative, Cambridge Lane cannot represent a class of

17   plaintiffs who own pipe families that Cambridge Lane did not purchase.

18   In cases involving a variety of products, courts have emphasized that different

19   products have different functions and different consumers, and have therefore held that a

20   named plaintiff who purchased a different product than that purchased by unnamed

21   plaintiffs fails to satisfy the typicality requirement of Rule 23(a)(3). *Wiener v. Dannon Co.,*

22   *Inc.*, 255 F.R.D. 658, 666 (C.D. Cal. 2009) (denying class certification where proposed

23   class representative had only purchased one of three yogurt products at issue); *Gonzalez v.*

24   *Proctor & Gamble Co.*, 247 F.R.D. 616, 621–22 (S.D. Cal. 2007) (named plaintiff did not

25   satisfy typicality requirement where product he purchased was not one of the twenty-eight

26   products subject to allegedly false hair strengthening claims); *Lewis Tree Serv., Inc. v.*

27   *Lucent Techs. Inc.*, 211 F.R.D. 228, 232–34 (S.D.N.Y. 2002) (named plaintiff who

28   purchased only two of the more than sixty products at issue did not satisfy typicality

8

Further Briefing On Certain Class Certification Issues by Defendant J-M Manufacturing Company, Inc.

1  requirement); *Kaczmarek v. Int'l Bus. Machs. Corp.*, 186 F.R.D. 307, 313 (S.D.N.Y. 1999)

2  (named plaintiffs failed to satisfy typicality requirement where none had purchased one of

3  the products at issue).  *Cf. Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019-20 (9th Cir.

4  1998) (approving certification despite such defects in typicality where there was a class

5  representative from every state for each model of the product at issue).

6         "When appropriate, a class may be divided into subclasses that are each treated as a

7  class . . ."  Fed. R. Civ. P. 23(c)(5).  Of course, one of the prerequisites of a class action is

8  that the "the claims or defenses of the representative parties are typical of the claims or

9  defenses of the class."  Fed. R. Civ. P. 23(a)(3).  Accordingly, each subclass itself must

10 satisfy the requirements Rule 23 imposes on a class. *See Betts v. Reliable Collection*

11 *Agency, Ltd.*, 659 F.2d 1000, 1005 (9th Cir. 1981) ("litigation as to each subclass is treated

12 as a separate law suit."); *see also Johnson v. Am. Credit Co. of Georgia*, 581 F.2d 526, 532

13 (5th Cir. 1978); 7AA Fed. Prac. & Proc. Civ. § 1790 Partial Class Actions and Subclasses

14 (3d ed.).  Thus, in order to prosecute a claim on behalf of a subclass, the plaintiff must be a

15 member of that subclass.  *Berger v. Home Depot USA, Inc.*, - - - F.3d - - -, 2014 WL

16 3500082 at *3 (9th Cir. 2014), citing *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 156 (1982)

17 ("We have repeatedly held that a class representative must be part of the class") (internal

18 quotation marks omitted) and *Betts*, 659 F.2d at 1005 (noting "the fundamental

19 requirement that the representative plaintiff must be a member of the class he represents.")

20        Courts routinely deny class certification where, like here, a plaintiff is not a member

21 of the subclass it seeks to represent.  In *Berger*, the Ninth Circuit considered it "[a] salient

22 fact" that there were five different versions of the tool rental agreement that gave rise to

23 the plaintiff's claims.  Because the plaintiff was only involved in a single transaction

24 involving one of those versions, he was not a member of the subclasses involving the other

25 versions and therefore "could not prosecute claims on their behalf."  *Berger*, - - - F.3d - - -,

26 2014 WL 3500082 at *3.

27        Here, the plaintiff purchased one type of pipe.  As pointed out in prior briefing,

28 there are ten pipe families and numerous certifications involved in this case.  One plaintiff

9

Further Briefing On Certain Class Certification Issues by Defendant J-M Manufacturing Company, Inc.

who used the pipe for one purpose in one building cannot represent purchasers of all ten pipe families.  The applicable case law thus dictates that the court must reject Cambridge Lane's attempt to have the court certify a class action on behalf of subclasses that Cambridge Lane does not represent and for whom no representative party has been identified.

**F.     Reliance For Warranty Claims (Former #6):**

Whether the varying laws of the states with regard to whether a plaintiff must establish reliance for a warranty claim create a material difference.

Some states require an affirmative showing of reliance on a warranty. *See Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986); *Ciba–Geigy Corp. v. Alter*, 309 Ark. 426, 834 S.W.2d 136, 147 (1992); *Global Truck & Equip. Co, Inc. v. Palmer Mach. Works, Inc.*, 628 F. Supp. 641, 651 (N.D. Miss. 1986); *Scaringe v. Holstein*, 477 N.Y.S.2d 903, 904 (N.Y. App. Div. 1984); *State Farm Ins. Co. v. Nu Prime Roll-A-Way of Miami, Inc.*, 557 So.2d 107, 108 (Fla. App. 1990); *Thomas v. Amway Corp.*, 488 A.2d 716, 720 (R.I. 1985)

Others apply a burden-shifting method predicated on rebuttable assumptions. *See Kelleher v. Marvin Lumber & Cedar Co.*, 152 N.H. 813, 843-44, 891 A.2d 477, 501 (2006); *Cipollone v. Liggett Grp., Inc.*, 893 F.2d 541, 569 n.34 (3d Cir. 1990) (N.J. law)

Still others have no reliance requirement at all. *See Lutz Farms v. Asgrow Seed Co.*, 948 F.2d 638, 644-45 (10th Cir. 1991); *Winston Indus. Inc., Stuyvesant Ins. Co., Inc.*, 55 Ala. App. 525, 530, 317 So. 2d 493, 497 (Ala. App. Ct. 1975); *Jensen v. Seigel Mobile Homes Group*, 105 Idaho 189, 195, 668 P.2d 65, 71(1983); *Walker v. Woolbright Motors, Inc.*, 620 S.W.2d 451, 453 (Mo. Ct. App. 1981); *Daughtrey v. Ashe*, 413 S.E.2d 336, 338-39 (Va. 1992)

**1.     J-M Argument.**

The varying laws of the states with regard to whether a plaintiff must establish reliance for a warranty claim create a material difference in law that prevents class certification.  There is some ambiguity in California law as to whether an express warranty

1   claim requires reliance.  On the one hand, some courts have concluded that California does

2   not require reliance.  *See Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1227

3   (2010); *Keith v. Buchanan*, 173 Cal. App. 3d 13, 23 (1985).  On the other hand, federal

4   courts have read these cases as being limited to situations where the parties were in privity.

5   In *Coleman v. Boston Scientific Corp.*, No. 1:10–cv–01968–OWW, 2011 WL 3813173, at

6   *4–5 (E.D. Cal. Aug. 29, 2011), the court distinguished *Keith* and *Weinstat* on the basis

7   that in both cases there was privity between the buyer and seller, concluding, "[n]either

8   *Weinstat* nor *Keith* supports Plaintiff's erroneous contention that reliance is not required

9   where privity is absent."  *See also Keegan v. Am. Honda Motor Co., Inc.*, 284 F.R.D. 504,

10  546 (C.D. Cal. 2012) ("[I]n the absence of privity, California law requires a showing that a

11  plaintiff relied on an alleged omission or misrepresentation.").   In this case, because the

12  plaintiffs did not purchase products from J-M and are not in privity with J-M, *Keegan*

13  indicates that the plaintiffs must prove reliance. [1]

14          This conflicts with the law of the states in category 3, which have no reliance

15  requirement at all, and the states in category 2, which apply a burden-shifting method

16  predicated on rebuttable assumptions.  Such variations in state law have compelled courts

17  to conclude that warranty claims are inappropriate for class certification.  For example, an

18  Ohio district court held that no nationwide class could be certified as to a California breach

19  of express warranty claim.  *Rikos v. Procter & Gamble Co.*, No. CV 11-226, 2012 WL

20  _____

21  [1]    In the meet-and-confer process, Plaintiff relied on *Gilbert Financial Corp. v. Steelform
    Contracting Co.*, 82 Cal. App. 3d 65 (1978) for the proposition that under California law,

22  reliance is not required for a consumer to maintain a warranty claim, because a warranty
    may be enforced by the consumer as an intended third-party beneficiary of a contract.  This

23  argument fails.  First, it is a concession that California law is different than the laws of

24  other states.  Second, *Gilbert* says nothing about reliance in the context of warranty claims.
    Third, the case is limited to its facts, which involved parties standing in a very different

25  relation to one another than the parties to this case.  The labor and materials furnished by

26  the *Gilbert* defendant were *specifically intended for use in constructing the plaintiff's
    building*.  *Id.* at 70.  In contrast, the contracts between J-M and its distributors do not

27  provide that J-M's pipes are specifically intended for use in any particular project, much
    less the projects of any particular plaintiffs.

28

641946, at *6 (S.D. Ohio Feb. 28, 2012) (finding the variations in the elements of express warranty actions to be material).  In another recent case, this Court described *Rikos* as a "well-reasoned opinion" and found that *Rikos* was "persuasively cite[d]" for the proposition that no nationwide class could be certified as to a California breach of express warranty claim.  *Route v. Mead Johnson Nutrition Co.,* No. CV 12-7350-GW, 2013 WL 658251, at *7 (C.D. Cal. Feb. 21, 2013).  As *Rikos* reasoned, the differences in reliance requirements in state warranty laws make a nationwide class inappropriate, *regardless of whether reliance is required  in California.  Rikos*, 2012 WL 641946, at *6.

Controlling case law confirms that the inclusion or exclusion of the reliance element is material, because it could change the outcome of the case.  *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 591 (9th Cir. 2012); *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1200 (S.D. Cal. 2007).  Here, as a factual matter, the differences in state warranty law are material, because in light of the wide variations in products, end-uses, customers, and applicable certifications, some class members will be able to establish that they relied on statements in the warranty, while others will not.

## G.   Effect of Prolonged Use On Warranty Claims (Former #8)

Whether other states' laws are materially different from California's in that certain states' laws provide that the prolonged use of a product results in a presumption of merchantability or precludes them from revoking acceptance.

Arizona: *Golembieski v. O'Rielly R. V. Center, Inc.*, 708 P.2d 1325, 1327-28 (Ariz. Ct. App. 1985);

Colorado: COLO. REV. STAT. ANN. § 13-21-403(3);

Georgia: *Owens v. Union City Chrysler-Plymouth*, 210 Ga. App. 378, 379-80 (1993);

Idaho: IDAHO CODE § 6-1403(2)(a);

Iowa: *Falcon Equip. Corp. v. Courtesy Lincoln Mercury, Inc.*, 536 F.2d 806, 810 (8th Cir. 1976);

Kansas: KAN. STAT. ANN. § 60-3303;

Kentucky: KY. REV. STAT. ANN. § 411.310(1);

Michigan: *MacLaren v. Dermody White Truck Co., Inc.*, 157 N.W.2d 459, 463 (Mich. Ct.

1   App. 1968);

2   Mississippi: *Ford Motor Co. v. Fairley*, 398 So. 2d 216, 219 (Miss. 1981);

3   Missouri: *Bryant v. Prenger*, 7I7 S.W.2d 242, 244-45 (Mo. Ct. App. 1986);

4   Montana: *Brabender v. Kit Mfg. Co.*, 568 P.2d 547, 550 (Mont. 1977);

5   Nebraska: *Wendt v. Beardmore Suburban Chevrolet, Inc.*, 366 N.W.2d 424, 428 (Neb. 1985);

6

7   North Carolina: *Cooper v. Mason*, 188 S.E.2d 653, 655 (N.C. Ct. App. 1972);

    Oklahoma:  Okla. Stat. Ann. Tit. 15, § 761.1(A);

8

9   Oregon: *Hanson v. Signer Motors, Inc.*, 803 P.2d 1207, 1210 (Or. Ct. App. 1990);

    Pennsylvania: *Trost v. Porreca Motors, Inc.*, 443 A.2d 1179, 1180 (Pa. Super. Ct. 1982);

10

11   South Carolina: *Mockabee v. Wakefield Buick, Inc.*, 380 S.E.2d 848, 849 (S.C. Ct. App. 1989);

12   Washington: WASH. REV. CODE ANN. § 7.72.060;

13         **1.   J-M Argument.**

14         Once again, plaintiff seeks to certify a class beginning in 1996 – fourteen years

15   from when this case was filed.  The laws of various states take the passage of time into

16   account in considering warranty claims.  California does not.  This is a material difference.

17   **H.   Damages Variations And Standing To Sue Without Product Failure (Former**

18   **#9)**

19         Whether a nationwide class can be certified under California consumer law where

20   there are differing measures of damages between the laws of various states; whether a

21   nationwide class can be certified where many states do not permit any claim to proceed

22   when the product in question has not failed.

23           **a.   California law:**

24         Restitution and injunctive relief are the only remedies available under the UCL. Cal.

25   Bus. & Prof. Code § 17203; *Korea Supply v. Lockheed Martin Corp.*, 63 P.3d 937, 943

26   (Cal. 2003).

27           **b.   Other states permit actual damages:**

28   *Holeman v. Neils*, 803 F. Supp. 237, 242 (D. Ariz. 1992); *Nataros v. Fine Arts Gallery of*

13

Further Briefing On Certain Class Certification Issues by Defendant J-M Manufacturing Company, Inc.

*Scottsdale, Inc.*, 126 Ariz. 44, 48, 612 P.2d. 500, 504 (Ariz. Ct. App. 1980);

Colo. Rev. Stat. Ann. §§6-1-113(2)(a);

Fla. Stat. Ann. § 501.211;

Georgia: FBPA permits recovery of actual damages, injunctive relief, and punitive damages if specific intent shown; no statutory damages or prejudgment interest.  Ga. Code Ann. § 10-1-399(a) & (c);

Idaho Code § 48-608(1) (Class action damages limited to "actual damages" or "a total for the class that may not exceed one thousand dollars ($1,000), whichever is the greater.");

Kan. Stat. Ann. § 50-636(d);

Ky. Rev. Stat. Ann. § 367.220(1), (3);

La. Rev. Stat. Ann. § 51:1409(A);

Md. Code Ann., Com. Law § 13-408(a);

Mich. Comp. Laws ann. § 445.911(2), (3);

Minn. Stat. § 8.31(3a);

Mo. Ann. State. § 407.025(1);

Mont. Code Ann. § 30-14-133(1);

Neb. Rev. Stat. Ann. § 59-1609;

N.J. Stat. Ann. § 56:8-19;

N.M. Stat. Ann. § 57-12-10(E);

N.C. Gen. Stat. § 76-16;

Ohio Rev. Code Ann. § 1345.09(A) & (B);

73 Pa. Cons. Stat. § 201-9.2(a);

S.C. Code Ann. § 39-5-140(a);

Tex. Bus. & Com. Code § 17.50(b), (d);

Wash. Rev. Code Ann. § 19.86.090;

Wis. Stat. Ann. § 100.18(11)(b)(2);

### c.    States Permitting Treble damages:

La. Rev. Stat. Ann. § 51:1409(A);

*Plath v. Schonrock*, 64 P.3d 984, 989-90 (Mont. 2003);

1   N.J. Stat. Ann. § 56:8-19 (mandatory);

2   N.C. Gen. Stat. § 76-16;

3   Ohio Rev. Code Ann. § 1345.09(B);

4   S.C. Code Ann. § 39-5-140(a);

5   73 Pa. Cons. Stat. § 201-9.2(a);

6   Wash. Rev. Code Ann. § 19.86.090;

7   Wis. Stat. Ann. § 100.20(5) (doubling, not trebling);

8                      **d.      States Permitting Punitive damages:**

9   *Howell v. Midway Holdings, Inc.*, 362 F. Supp. 2d 1158, 1165 (D. Ariz. 2005);

10  *Linthicum v. Nationwide Life Ins. Co.*, 150 Ariz. 326, 331, 723 P.2d 675, 680 (Ariz. 1986);

11  Ga. Code Ann. § 10-1-399(a) & (c);

12  Ky. Rev. Stat. Ann. § 367.220(1), (3);

13  Mich. Comp. Laws Ann. §445-905(1);

14  Mo. Ann. State. § 407.025(1);

15  Or. Rev. Stat. § 646-638(1), (3);

16  Tex. Bus. & Com. Code § 17.50;

17  Wis. Stat. Ann. §  100.20(5);

18                      **e.      States Permitting Award of Attorneys' Fees:**

19  Fla. Stat. Ann. § 501.211;

20  Ga. Code Ann. § 10-1-373(a)-(c);

21  Idaho Code § 48-608(4); *Nalen v. Jenkins*, 113 Idaho 79, 82, 741 P.2d 366, 369 (Idaho 1987); *Israel v. Leachhman*, 139 Idaho 24, 26-7, 72 P.3d 864, 866-67 (Idaho 2003);

22  Ky. Rev. Stat. Ann. § 367.220(1), (3);

23  La. Rev. Stat. Ann. § 51:1409(A);

24  Md. Code Ann., Com. Law § 13-408(b);

25  Minn. Stat. § 8.31(3a);

26  Mo. Ann. State. § 407.025(1);

27  Mont. Code Ann. § 30-14-133(3);

28

1  N.J. Stat. Ann. § 56:8-19;

2  N.M. Stat. Ann. § 5-12-10(C);

3  N.C. Gen. Stat. § 75-16.1;

4  Ohio Rev. Code Ann. § 1345.09(F);

5  Okla. Stat. Ann. Tit. 15, § 761.1(A);

6  73 Pa. Cons. Stat. § 201-9.2(a);

7  Tex. Bus. & Com. Code § 17.50;

8  Wash. Rev. Code Ann. § 19.86.090;

9  Wis. Stat. Ann. § 100.18(11)(b)(2);

10  NOTE:

11  Mississippi does not allow class actions to be brought under its consumer fraud statute. Miss. Code Ann. § 75-24-15(1)-(4).

12

Alabama does not allow class actions except by the attorney general.  Ala. Code § 8-19-

13  10(f)

14  **f.      States and jurisdictions that do not permit claims when the**

15  **product has not failed.**

16  *Carlson v. General Motors Corp.*, 883 F.2d 287, 296 (4th Cir. 1989);

17  *Briehl v. General Motors Corp.*, 172 F.3d 623, 628 (8th Cir. 1999) (nationwide class);

18  *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 729-30 (5th Cir. 2007);

19  *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1016-17 (7th Cir. 2002);

20  **g.      State decisions**

21  Alabama: I, 682 So.2d 405, 407 (Ala. 1996); *Ford Motor Co. v. Rice*, 726 So.2d 626, 627,

22  631 (Ala. 1998);

Arkansas:  *Wallis v. Ford Motor Co.*, 362 Ark. 317, 208 S.W.3d 153 (2005);

23

California: *Khan v. Shiley Inc.*, 217 Cal. App. 3d 848, 857, 266 Cal. Rptr. 106 (1990);

24  *Zamora v. Shell Oil Co.*, 55 Cal. App. 4th 204, 208, 63 Cal. Rptr. 2d 762 (1997); *In re Toyota Motor Corp. Hybrid Brake Mktg., Sales Practices & Products Liab. Litig.*, 915 F.

25  Supp. 2d 1151, 1157-58 (C.D. Cal. 2013); *Am. Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291, 44 Cal. Rptr. 2d 526, 531 (1995);

26

Kentucky: *Capital Holding Corp. v. Bailey*, 873 S.W.2d 187, 192 (Ky. 1994);

27

Louisiana: *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 729-30 (5th Cir. 2007); *Willett v.*

28  *Baxter International, Inc.*, 929 F.2d 1094, 1099–1100 (5th Cir. 1991);

16

1    Minnesota: *O'Neil v. Simplicity, Inc.*, 553 F. Supp. 2d 1110, 1118 (D. Minn. 2008) *aff'd*,
     574 F.3d 501 (8th Cir. 2009);

2

3    Mississippi: *Jarman v. United Indus. Corp.*, 98 F. Supp. 2d 757, 768 (S.D. Miss. 2000);
     *Lee v. General Motors Corp.*, 950 F. Supp. 170, 171–74 (S.D. Miss. 1996);

4    Missouri: *In re GMC Anti-Lock Brake Prods. Liab. Litig.*, 966 F. Supp. 1525, 1530 (E.D.
     Mo. 1997);

5

6    New Jersey: *Yost v. General Motors Corp.*, 651 F. Supp. 656, 657–58 (D.N.J. 1986); *Chin
     v. Chrysler Corp.*, 182 F.R.D. 448, 460 (D.N.J. 1998) ("In most jurisdictions, the courts

7    recognize that unless a product actually manifests the alleged defect, no cause of action for
     breach of express or implied warranty or fraud is actionable.");

8    Oklahoma:  *Harrison v. Leviton Mfr. Co.*, 2006 WL 2990524 (N. D. Okla. Oct. 19, 2006);

9    Pennsylvania: *Angus v. Shiley, Inc.*, 989 F.2d 142, 147–48 (3d Cir. 1993);

10   South Carolina: *Carlson v. General Motors Corp.*, 883 F.2d 287, 298 (4th Cir. 1989);

11   Texas: *Martin v. Ford Motor Co.*, 914 F. Supp. 1449, 1453 (S.D. Tex. 1996);

12   Wisconsin: *Tietsworth v. Harley–Davidson, Inc.*, 270 Wis.2d 146, 677 N.W.2d 233 (2004).

13          **1.    J-M Argument.**

14          The issue of damages is doubly problematic here.  First, as outlined above, the

15   consumer protection laws of various states differ widely from California's law.  As has

16   been generally explained elsewhere, in enacting the state's unfair competition law,

17   California's legislature relaxed certain of the usual elements necessary to establish a

18   statutory violation but reduced the remedies available as well.  Other states have struck a

19   different balance and that is plainly reflected in the remedies available.  Some states permit

20   treble damages, some award punitive damages, some award attorneys' fees, etc.  California

21   does not provide any of those remedies.  The Ninth Circuit expressly noted these variations

22   in available remedies in finding that there were material differences in state law.

23          The second issue raises questions about whether certain states would allow a "no

24   injury" claim of this sort to proceed *at all*.  As this list of cases demonstrates, many states

25   do not recognize a claim when a product is functioning normally.  We have quoted these

26   cases at length before, and we will not trouble the Court to do so again.  Put simply,

27   however, many states have held that a plaintiff cannot state a claim – whether it be a

28   product liability claim, a warranty claim, a consumer protection claim or a fraud-based

17

1   claim – when the product is working fine.

2       Here, the plaintiff expressly has defined the class only to extend to "non-injury"

3   claims, i.e., situations in which a plaintiff has not suffered any actual failure of the pipe in

4   question.  In other words, the class is expressly limited to precisely the types of claims that

5   many states find unavailable.  If a state does not allow a plaintiff to sue when the product

6   is working, that would clearly be a material difference (assuming California law is to the

7   contrary – and if California law is not to the contrary, then this case cannot proceed as to

8   Cambridge Lane or anyone else).

9       This offers a chance to step back and consider the big picture of this case.

10  Plaintiff's claim is not that he bought a product that failed and he suffered harm.  He

11  claims that he bought a product that did not, in fact, conform to industry certifications.  He

12  stated at his deposition that he is not familiar with anyone who has ever had any J-M pipe

13  that failed.  He is not bringing a contract claim; he is bringing an assortment of non-

14  contract fraud-based claims.  But at the end of the day, he wanted PVC pipe and he

15  received PVC pipe.  He has not shown that the pipe he received is substandard or that it

16  has failed or is likely to fail more quickly than the pipe he supposedly bargained for.  A

17  large number of states would throw this case out on its ear.  Even if California law would

18  permit it to proceed, the difference in law is plainly material.

19  **I.   Identification by Plaintiff of Harms For Which Recovery Is Sought (New**

20  **Question From Court)**

21  Identification from plaintiffs of the items that they are seeking as damages.

22  **1.   J-M Argument.**

23      Again, this was a matter directed to plaintiff at the December hearing.  The Court

24  expressly asked plaintiff to identify the damages that it seeks in this case.  In its operative

25  complaint, plaintiff lists a panoply of types of damages.  Cambridge Lane confirmed at its

26  deposition that it did not experience any of the harms identified other than asserting that it

27  paid too much for the pipe in question.  But what are the damages that we are talking about

28  here?  Once again, in the meet-and-confer process, plaintiff indicated that it did not believe

1  that it is required to identify its damages at this time, despite a direct command from the

2  Court to the contrary.

3       It is strange indeed that we are this far into the class certification process and

4  plaintiff is reluctant to identify either what the misrepresentations/omissions are that form

5  the basis of its claim or to identify the damages that it is seeking in this case.  Is it the

6  entire purchase price for the pipe?  A partial reduction in the purchase price?  Something

7  more?  Something less?  Having just spent considerable time and space addressing these

8  issues in this brief, J-M is left uncertain of whether there is something else, a gotcha!, that

9  has not been addressed because it does not know the answer to these basic issues.

10      Plaintiff should be directed forthwith to identify the damages it seeks – not just the

11 "theory" of damages, but also what it would mean in actuality – what is Cambridge Lane

12 seeking?  What does it seek on behalf of other plaintiffs?  These are simple questions that

13 should have simple answers.  It is late in the day.  Plaintiff should state the answers.

**III**

**CONCLUSION**

16      J-M respectfully urges the Court to find that these differences in state law are

17 material and preclude application of California law for claims arising outside California.

19 DATED:  February 24, 2014          Ekwan E. Rhow
                                     Paul S. Chan
20                                   Thomas V. Reichert
21                                   BIRD, MARELLA, BOXER, WOLPERT,
                                        NESSIM, DROOKS & LINCENBERG, P.C.

24                            By:        /s/ Thomas V. Reichert
25                                        Thomas V. Reichert
26                                   Attorneys for Defendant J-M Manufacturing
                                     Company, Inc.