David M. Birka-White (State Bar No. 85721)
dbw@birka-white.com
Stephen Oroza (State Bar No. 84681)
soroza@birka-white.com
Mindy M. Wong (State Bar No. 267820)
mwong@birka-white.com
BIRKA-WHITE LAW OFFICES
65 Oak Court
Danville, CA 94526
Telephone: (925) 362-9999
Facsimile: (925) 362-9970

William R. Friedrich (State Bar No. 44731)
wfriedrich@fbm.com
John D. Green (State Bar No. 121498)
jgreen@fbm.com
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, Suite 1700
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Individual and Representative Plaintiff CAMBRIDGE LANE, LLC.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

CAMBRIDGE LANE, LLC, a California limited liability company, on behalf of itself and all others similarly situated,

Plaintiff,

v.

J-M MANUFACTURING COMPANY, INC., a Delaware corporation d/b/a J-M PIPE MANUFACTURING COMPANY, and DOES 1-10, inclusive,

Defendants.

Case No. CV 10-06638 GW (PJWx)

**PLAINTIFF'S FURTHER SUPPLEMENTAL BRIEFING REGARDING STATE LAW ISSUES**

**Date: March 10, 2014**
**Time: 8:30 a.m.**
**Courtroom: 10**

*The Honorable George Wu*

Action Filed: September 7, 2010

**Scope of Briefing**

**Plaintiff's Brief**

It will probably come as no surprise to the Court that during the meet and confer process before this briefing, the parties disagreed concerning what the Court asked the parties to address and the proper scope of the brief.

Plaintiff contends that the sole purpose of this pleading is to brief the materiality of state law differences. At the last hearing (the "December 12 Hearing"), the Court asked that: (1) JM supplement its previous submissions on state law issues in *very specific* ways, most of which it has ignored; and (2) the parties specify which issues they believe need to be addressed by the Court before Plaintiff submits to the Court a revised class definition, a definition which will include many fewer states and claims than are currently included in the class. Completion of this process is essential because Plaintiff's decision to exclude states or claims from the redefined class is based exclusively on whether foreign state's laws raise material manageability issues.

JM has seized on certain statements made by the Court to suggest that the Court wants the parties to address issues related to the factual and legal merits of class certification, including issues which the Court has already considered and on which it has already ruled.

The Court has already indicated that it considers such issues premature. In its last written ruling, the Court stated: "The Court agrees with Plaintiff that an argument concerning whether individual issues will predominate, making any class certification inappropriate, is not within the design of this *Mazza*-required choice of law analysis."[1]

Class certification issues neither can nor should be addressed before a revised

[1] *Considerations on Further Hearing Regarding State-Law Issues Involving Multiple States ("Further Ruling")* at 2, fn.1.

class is defined and the issues which require class resolution are specified. Nor should such issues be addressed in a fourth round of supplemental briefing of *Mazza* issues in which the parties are limited to two pages per issue.

**JM's Statement of Issue and Further Submission:** [2]

**A. Equitable Estoppel (Former #2)**

Whether the invocation of equitable estoppel to avoid application of the statute of limitations can occur on a class-wide basis, or whether the individualized nature of the inquiry would preclude class-wide application. *Guerrero v. Gates*, 442 F.3d 697, 706-07 (9th Cir. 2006) ("Equitable estoppel, also termed fraudulent concealment, halts the statute of limitations when there is active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.")

**Plaintiff's Brief**

At the December 12 Hearing, the Court held that JM had not carried its burden to demonstrate that there was *any* difference between the law of California concerning equitable estoppel and the law of any other state. "I will require the defendants to indicate the states that have a different estoppel rule. . . .[I]t is the burden of the defendant in that regard . . . [s]o if the defendant hasn't met the burden, there's nothing more that you need to do." *Transcript of December 12, 2013 Hearing ("Transcript"),* 19:23-20:4.

JM did not indicate which states have a different estoppel rule and there is, therefore, nothing more Plaintiff needs to do.

---

[2] JM drafted the Statement of Issue and Further Submission for each issue set forth in this pleading (Headings A-I and the text immediately following each heading). Plaintiff addresses each issue in a section entitled "Plaintiff's Brief." Where Plaintiff disagrees with JM's statement of the issue, the disagreement is addressed in Plaintiff's Brief on such issue.

**B. Concealment: Intent That Others Rely (Former #3)**

Whether the difference between California's law and that of other states that require a showing that the defendant must have intended that others rely in a concealment claim under their consumer protection laws creates a material difference for purposes of this case.

States/Statutes in question:
Ariz. Rev. Stat. Ann. §§44-1522(A).
Ark. Code Ann. §§ 4-88-108(2).
Colo. Rev. Stat. Ann. §§ 6-1-105(1)(u)

**Plaintiff's Briefing**

At the December 12 Hearing, the Court stated that this alleged difference was not material under the facts of this case because:

> [I]sn't it clear that the defendant would had to have intended for their reliance on that [the omissions alleged]? In other words, if there is an intentional concealment in that situation, there'd be an intention that the customers rely on the original marks as had been utilized by the defendant and, therefore, there is clearly an intent to rely and so what difference would it make? In other words, it again would be a situation where there might be a material difference but it wouldn't be an actual conflict because in the end, if there is the intentional concealment that you're talking about, it would have been done with the purpose that the consumer relied on.

*Transcript*, 27:10 - 28:2.

JM's counsel did not address this issue to the Court's satisfaction. *Transcript*, 28:3- 30:9. The Court nonetheless stated that it would allow JM to introduce further evidence on this issue:

> [T]he burden is on the defendant to show that the law of any decided jurisdictions creates a material difference and that material difference creates an actual conflict and so, therefore, what you're going to have to

show me -- and you haven't done it so for (sic). . . . And so and you haven't shown me that so, you know, I'll allow you to attempt to offer further evidence on that; but, I mean, it's the defendant burden at this point on the point.

*Transcript*, 30:10-24.

JM has produced no further evidence on this issue. Since JM did not persuade the Court by any prior evidence it presented that an actual material conflict exists, and it has presented no further evidence, it has failed to carry it burden on this issue.[3]

**C. Identification of Items Forming Claims (New Question From pages 34-35 of December 2013 hearing transcript)**

Identification from plaintiffs of the items that they are asserting form the basis for the fraud/misrepresentation/concealment. Are they asserting anything other than the stampings on the pipes and/or the statements made in catalogs?

**Plaintiff's Brief**

The Court did not request that Plaintiff counsel identify the "items" which constitute the misrepresentations alleged, a request which would make no sense in this context. The Court requested that Plaintiff confirm that the representations made were made uniformly to the class and did not differ state by state.

The entire colloquy on this issue was:

THE COURT: And at the next time we meet, I just want to get a confirmation from the plaintiffs that your – any claims that arise in fraud or misrepresentation or even concealment are as to statements or representations or stampings that are uniformly made to everybody in

[3] The Court also noted that Plaintiff's claims did not seem to be based solely on omissions and that, for this reason the relevant state statutes were also factually irrelevant to this case. Because JM did not produce the further evidence which the Court requested, Plaintiff does not address this issue further in this briefing. Finally, even if this difference were material, JM has identified only three states whose laws allegedly conflict with the law of California. JM has not even attempted to carry its burden with respect to any other state.

the proposed class.

MR. OROZA: They are, Your Honor.

THE COURT: Okay. But I'll give you some more time to think about it. I just want to make sure that that's absolutely true because I don't want to have again, you know, later on, you know, the plaintiffs popping up and say: Oh, well, there was an additional misrepresentation that was made to, you know, people in California or people in, you know, Kentucky that said this. Because then I will say, you know, you pretty much waived that contention because you basically said that your fraud claims, your misrepresentation claims are made on a uniform basis to all class members. So I just want to make sure that we're all on board on that one.

MR. OROZA: We are.

*Transcript*, 34:24-35:17.

Plaintiff confirms that the statement made by its counsel at the hearing was correct.

**D. Requirement of Reliance In Consumer Protection Laws (Former #5)**

Whether California's consumer protection law is materially different from the laws of other states in not requiring a showing of reliance by each plaintiff.

States/Statutes in question:
Colorado: Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc., 62 P.3d 142, 147 (Colo. 2003)
Florida: Reliance and causation not required. Davis v. Powertel, Inc., 776 So.2d 971, 973-74 (Fla. Ct. App. 2000); Latman v. Costa Cruise Lines N.V., 758 So.2d 699, 703 (Fla. Dist. Ct. App. 2000).
Minnesota: Proof of reliance is required for damages. Thompson v. Am. Tobacco Co., 189 F.R.D. 544, 553 (D. Minn. 1999); Parkhill v. Minn. Mut. Life Ins., Co. 188 F.R.D. 332, 344-45 (D. Minn. 1999)
New Jersey: Liability under the Act "does not require proof of reliance." DaBosh v. Mercedes Benz USA, Inc., 378 N.J. Super. 105, 122, 874 A.2d 1110, 1121 (N.J. Super. Ct. App. Div. 2005); N.J. Citizen Action v. Schering-Plough Corp., 367 N.J. Super. 8, 15, 842 A.2d 174, 178 (N.J.Super. Ct. App. Div. 2003).
North Carolina: Hageman v. Twin City Chrysler Plymouth, Inc., 681 F. Supp. 303 (M.D.N.C. 1988)
Oregon: Feitler v. Animation Celection, Inc., 170 Ore. App. 702, 712-12, 13 P.3d 1044, 1050 (Or. Ct. App. 2000)

Pennsylvania: Toy v. Metro Life, Inc. Co., 2004 Pa. Super. 404 at P27, 863 A.2d 1, 11 (Pa. Super. 2004); Weinberg v. Sun Co., Inc., 777 A.2d 442, 444 (Pa. 2001); DiLucido v. Terminix Int'l Inc., 676 A.2d 1237 (Pa.Super.Ct. 1996).
South Dakota: Nw. Pub. Serv. v. Union Carbide Corp., 236 F. Supp. 2d 966, 973-74 (D.S.D. 2002); S.D. Codified Laws § 37-24-6(1)
Washington: Robinson v. Avis Rent-A-Car Sys. Inc., 106 Wn. App. 104, 113, 22 P.3d 818, 823 (Wash. Ct. App. 2001)

**Plaintiff's Brief**

At the December 12 Hearing, the Court asked JM to identify the states whose consumer protection statutes require reliance by: (1) the named representative; and (2) unnamed class members.[4] When JM's counsel stated that he could not do so, the Court gave JM's counsel yet another opportunity to do so in its further submission. The Court specifically directed JM to address the question of reliance by the class representative and the class separately.[5]

JM has, again, not even attempted to carry this burden. It has simply supplied a random selection of cases, some of which allegedly require reliance, some of which allegedly do not and some of which are unclear on the issue. JM does not address the critical question of different reliance requirements for the named representative and the class at all.

When these deficiencies were raised by Plaintiff during the meet and confer process, JM's counsel advised Plaintiff that it should ignore completely its cites to cases (Florida and New Jersey) which do not require reliance and assume that JM intends the rest of its cites to support the position that reliance by the named representative and the class are both required.

Even accepting this untenable interpretation of JM's pleading, JM's cites are all wrong or irrelevant. First, none of the cases cites by JM is a class action case or addresses reliance by the class. And while Plaintiff cannot address the other issues

---

[4] This is because California law requires reliance by the named representative but not class members. *In re Tobacco II Cases*, 46 Cal. 4th 46 Cal. 4th 298, 320-21 (2009); *Transcript*, 46:19-25.

[5] *Transcript*, 52:5-20.

fully in two pages, they can be summarized as follows:

(1) *Florida and New Jersey*: Dropped by JM because their laws do not require reliance.

(2) *Oregon, Pennsylvania and South Dakota*. These states are irrelevant because Plaintiff has already advised JM that it does not intend to include consumer law claims under these state statutes in the redefined class.

(3) *Colorado*: JM is wrong about the holding of the case, which requires only that defendant's statements "have the capacity or tendency to attract consumers."

(4) *Minnesota*: JM's cases are superseded by a 2001 ruling of the Minnesota Supreme Court holding that reliance is not required but causation is, the same law as stated in California's *In re Tobacco Cases* (*Group Health Plan, Inc. v. Philip Morris, Inc.*, 621 N.W. 2d 2, 13 (Minn. 2001));

(5) *Washington*: The Washington Supreme Court ruled in 2007, and reiterated in 2011, that it "firmly rejected the principle that reliance is necessarily an element of the plaintiff's case." *Schnall v. AT & T Wireless Services, Inc.*, 259 P. 3d 129 (2011); *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 170 P.3d 10 (2007).

(6) *North Carolina*: JM's 1988 cite is superseded by more recent authority holding reliance is not required (*E.g., Cullen v. Valley Forge Life Ins. Co.*, 589 S.E.2d 423, 431 (N.C. Ct. App. 2003)).

Since JM has not carried its burden under *Washington Mutual Bank, FA v. Superior Court*, 24 Cal. 4th 906 (2001), this issue should be resolved in favor of California law and the Court need go no further. Moreover, Plaintiff continues to contend that reliance is factually irrelevant[6] because – as the Court previously ruled in discussing class treatment of Plaintiff's common law fraud claims: "Plaintiff has presented a case that depicts an entire industry demanding a certain standard of pipe

[6] *See Joint Stipulation* at 39-40.

and relying on that standard's satisfaction for any and all purchases of pipe. In that regard, therefore, reliance could be said to essentially be 'built in' to any purchase decision in the industry." *Tentative Ruling on Motion for Class Certification ("Class Certification Ruling")*, Docket 184 at 6. The Court recognized the significance of this ruling in the current context. *Further Ruling* at 3 (the factual relevance of the reliance issue might depend on "whether universal reliance could be said to be built into" the marketplace).

**E. Whether Cambridge Lane Can Represent Purchasers Of Other Pipe Products (New Question From December Hearing)**

Where plaintiff Cambridge Lane acquired only one of the types of pipe involved here, Blue Brute C900, can it represent a class that would encompass plaintiffs that own other pipe families that Cambridge Lane did not purchase?

**Plaintiff's Brief**

This issue was not, as JM suggests, an invitation to re-litigate class certification commonality and typicality issues already decided by the Court.[7] The

[7] The Court has already ruled that Plaintiff's purchase of only one type of pipe does not affect its ability to represent purchasers generally:

> To the extent J-M argues that Plaintiff cannot satisfy the typicality analysis because it bought only one of the types of pipe at issue in this litigation, the Court would disagree. As noted, typicality concerns the nature of the plaintiffs claim, whether the same or similar injury is involved, and whether the injury was allegedly caused by the same course of conduct. All of these factors are allegedly present here across the various classes of pipe, notwithstanding the fact that Plaintiff itself purchased only one of those classes.

*Class Certification Ruling* at 5 and fn. 4. This issue was briefed extensively by the parties in the light of considerable factual evidence and the Court rejected all of the same arguments made by JM now. Expert testimony introduced by Plaintiff demonstrated conclusively that all of the pipe manufactured by JM raises the same physical and marketplace considerations. The parties' contentions and the related evidence are summarized fully in Docket No. 228-1 filed by Plaintiff previously.

question presented here arose in the context of discussing variations in state law on reliance. At the December 12 Hearing, the Court asked Plaintiff's counsel "if the . . . named plaintiff only purchased one type of pipe and not the others, is his reliance limited to the one that he purchased? Or does his reliance go across the board to the other types of pipes?" *Transcript*, 47:7-17. When Plaintiff's counsel responded concerning California law, the Court asked: "All right. In that case then, what about the other states?" *Transcript*, 47:18-48:17.

JM has not identified, and Plaintiff is not aware of, any difference between the laws of the various states concerning whether reliance in a consumer fraud case can only be established based on representations concerning an identical product. This would seem to be a factual question in every state. If there are state law differences on this issue, however, it is JM's burden to demonstrate both the content of California law on this issue and the allegedly different law of some other state.

For the reasons stated previously, Plaintiff does not believe that the Court intended to invite full re-litigation of whether Plaintiff can represent purchasers of other pipes – an issue fully litigated based on a full factual and legal record requiring hundreds of pages – in the context of a two-page brief concerning variations in state law.

**F. Reliance For Warranty Claims (Former #6):**

Whether the varying laws of the states with regard to whether a plaintiff must establish reliance for a warranty claim create a material difference.

Some states require an affirmative showing of reliance on a warranty. See Williams v. Beechnut Nutrition Corp., 185 Cal. App. 3d 135, 142 (1986); Ciba–Geigy Corp. v. Alter, 309 Ark. 426, 834 S.W.2d 136, 147 (1992); Global Truck & Equip. Co, Inc. v. Palmer Mach. Works, Inc., 628 F. Supp. 641, 651 (N.D. Miss. 1986); Scaringe v. Holstein, 477 N.Y.S.2d 903, 904 (N.Y. App. Div. 1984); State Farm Ins. Co. v. Nu Prime Roll-A-Way of Miami, Inc., 557 So.2d 107, 108 (Fla. App. 1990); Thomas v. Amway Corp., 488 A.2d 716, 720 (R.I. 1985)

Others apply a burden-shifting method predicated on rebuttable assumptions. See Kelleher v. Marvin Lumber & Cedar Co., 152 N.H. 813, 843-44, 891 A.2d 477, 501 (2006); Cipollone v. Liggett Grp., Inc., 893 F.2d 541, 569 n.34 (3d Cir. 1990) (N.J law)

Still others have no reliance requirement at all. See Lutz Farms v. Asgrow Seed Co., 948 F.2d 638, 644-45 (10th Cir. 1991); Winston Indus. Inc., Stuyvesant Ins. Co., Inc., 55 Ala. App. 525, 530, 317 So. 2d 493, 497 (Ala. App. Ct. 1975); Jensen v. Seigel Mobile Homes Group, 105 Idaho 189, 195, 668 P.2d 65, 71(1983); Walker v. Woolbright Motors, Inc., 620 S.W.2d 451, 453 (Mo. Ct. App. 1981); Daughtrey v. Ashe, 413 S.E.2d 336, 338-39 (Va. 1992)

**Plaintiff's Brief**

JM first took the position that California *requires* reliance on an express warranty and other states do not. Plaintiff argued that reliance by the plaintiff is not required under the circumstances of this case. Despite having had at least five opportunities to respond to this argument, JM never has. Instead, JM reversed field and began to argue – as Plaintiff has consistently asserted – that California *does not* require reliance.

At the December 12 Hearing, the Court directed JM to elect between its inconsistent positions on reliance and to identify which states differ from that position. JM now states that California law *does* require reliance and that other states do not. JM is wrong about this issue and therefore is wrong about whether states which do not require reliance conflict with California law.

JM relies on *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986) which holds only generally that a plaintiff must allege reliance on the warranty. This authority is irrelevant. *Beechnut*, like many similar cases, involves a warranty contained only in advertising materials which plaintiff might or might not have seen. Where there is a written warranty which extends to the buyer, courts hold that under the UCC plaintiff need only prove that the warranty was part of the

"basis of the bargain" between the plaintiff and the defendant. *E.g.*, *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1142 (N.D. Cal. 2010). JM expressly extends an express written warranty to non-purchaser owners, thus creating the necessary bargain to support the warranty claim.

Second, Plaintiff has consistently argued that Plaintiff and the class are intended third-party beneficiaries of the warranties between JM and agents of the owners who purchase JM pipe for the benefit of the owners and that, under *Gilbert Fin. Corp. v. Steelform Contracting Co.*, 82 Cal. App. 3d 65, 69 (1978) they may enforce the warranty because they are intended third-party beneficiaries of these warranties. The Court has recognized the importance of representations made to agents of the purchaser in the context of Plaintiff's fraud claims. *Class Certification Ruling* at 6 (["T]he Court has already indicated in this matter, reliance can be made by way of an agency relationship. *See* Docket No. 53 at 4.")

Finally, *Beechnut* itself holds that pleading of reliance is not required where the plaintiff pleads facts from which such reliance can be presumed. As the Court has noted, since regulatory authorities require compliance with the standards JM claims to meet, reliance on JM's representations concerning these standards can be uniformly inferred. *Class Certification Ruling* at 6; *Further Ruling* at 3.

Plaintiff has established that agents purchase JM pipe for the benefit of the owner-principals. JM intends that its warranties of compliance with relevant standards extend to non-purchaser owners – the only people who are concerned with such compliance – and would be meaningless unless they did.[8] Since California law does not require reliance "under the circumstances of this case" there is no

[8] All of these issues are discussed at length by Plaintiff in prior pleadings. *Joint Stipulation* at 41-44 and 46-48; *Further Briefing Regarding State Law Issues Involving Multiple States In Connection With Motion For Class Certification ("Further Briefing")*, Docket No. 227, at 47-49. Since this pleading is intended only as a supplement to prior and is subject to a two-page limit, Plaintiff does not repeat these arguments here.

difference between California law and states which do not require reliance.[9]

**G. Effect of Prolonged Use On Warranty Claims (Former #8)**

Whether other states' laws are materially different from California's in that certain states' laws provide that the prolonged use of a product results in a presumption of merchantability or precludes them from revoking acceptance.

Arizona: Golembieski v. O'Rielly R. V. Center, Inc., 708 P.2d 1325, 1327-28 (Ariz. Ct. App. 1985)
Colorado: COLO. REV. STAT. ANN. § 13-21-403(3)
Georgia: Owens v. Union City Chrysler-Plymouth, 210 Ga. App. 378, 379-80 (1993)
Idaho: IDAHO CODE § 6-1403(2)(a)
Iowa: Falcon Equip. Corp. v. Courtesy Lincoln Mercury, Inc., 536 F.2d 806, 810 (8th Cir. 1976)
Kansas: KAN. STAT. ANN. § 60-3303
Kentucky: KY. REV. STAT. ANN. § 411.310(1)
Michigan: MacLaren v. Dermody White Truck Co., Inc., 157 N.W.2d 459, 463 (Mich. Ct. App. 1968)
Mississippi: Ford Motor Co. v. Fairley, 398 So. 2d 216, 219 (Miss. 1981)
Missouri: Bryant v. Prenger, 7I7 S.W.2d 242, 244-45 (Mo. Ct. App. 1986)
Montana: Brabender v. Kit Mfg. Co., 568 P.2d 547, 550 (Mont. 1977)
Nebraska: Wendt v. Beardmore Suburban Chevrolet, Inc., 366 N.W.2d 424, 428 (Neb. 1985)
North Carolina: Cooper v. Mason, 188 S.E.2d 653, 655 (N.C. Ct. App. 1972)
Okla. Stat. Ann. Tit. 15, § 761.1(A)
Oregon: Hanson v. Signer Motors, Inc., 803 P.2d 1207, 1210 (Or. Ct. App. 1990)
Pennsylvania: Trost v. Porreca Motors, Inc., 443 A.2d 1179, 1180 (Pa. Super. Ct. 1982)
South Carolina: Mockabee v. Wakefield Buick, Inc., 380 S.E.2d 848, 849 (S.C. Ct. App. 1989)
Washington: WASH. REV. CODE ANN. § 7.72.060

[9] The cases cited by JM for the proposition that other states require reliance or apply some form of rebuttable presumption also do not conflict with California law because they all involve advertising or some other non-contractual warranty. In addition, none are third-party beneficiary cases, the situation relevant to this case. Three of the cases are from states which are not included in the class (New York, Rhode Island, and New Hampshire).

**Plaintiff's Brief**

Plaintiff has repeatedly pointed out that JM's authority for the proposition that California does not recognize a waiver of the right to return goods is limited to *Song-Beverly* claims involving vehicles, a situation irrelevant to this case. Further, despite JM's assertion at the December 12 Hearing that "there's no reported case supporting the prolonged use doctrine in California,"[10] Plaintiff has in fact cited two California cases on point which recognize such a waiver in appropriate cases.

When Plaintiff's counsel identified these cases by name at the December 12 Hearing[11], JM's counsel himself identified the portion of Plaintiff's briefing in which the cases were cited and offered no explanation for his failure to address them either in the briefing or at the hearing. *Transcript*, 66:6 - 67:25. The Court stated that it would "take another look at the issue." *Id*. at 68:1-2.

JM has still not responded to Plaintiff's argument that its contention concerning California law is simply wrong and that the cases it cites as "different" from California law do not conflict with California law at all. In light of this fact, there is no reason to address this issue further. If there were, however, such a waiver is factually irrelevant where the product is supposed to last one hundred years and is buried underground. *See Joint Stipulation Regarding State Law Issues*, Docket No. 221 ("*Joint Stipulation") at 50-51.

**H. Damages Variations And Standing To Sue Without Product Failure (Former #9)**

Whether a nationwide class can be certified under California consumer law where there are differing measures of damages between the laws of various states; whether a nationwide class can be certified where many states do not permit any

---

[10] *Transcript*, 65:18-66:5.

[11] *Ibrahim v. Ford Motor Co.*, 214 Cal. App. 3d 878, 898 (1989); *Martinez v. Kia Motors America, Inc.*, 193 Cal. App. 4th 187, 198 (2011).

claim to proceed when the product in question has not failed.

**1. California law:**

Restitution and injunctive relief are the only remedies available under the UCL. Cal. Bus. & Prof. Code § 17203; Korea Supply v. Lockheed Martin Corp., 63 P.3d 937, 943 (Cal. 2003).

**2. Other states permit actual damages:**

Holeman v. Neils, 803 F. Supp. 237, 242 (D. Ariz. 1992); Nataros v. Fine Arts Gallery of Scottsdale, Inc., 126 Ariz. 44, 48, 612 P.2d. 500, 504 (Ariz. Ct. App. 1980);
Colo. Rev. Stat. Ann. §§6-1-113(2)(a).
Fla. Stat. Ann. § 501.211;
Georgia: FBPA permits recovery of actual damages, injunctive relief, and punitive damages if specific intent shown; no statutory damages or prejudgment interest. Ga. Code Ann. § 10-1-399(a) & (c)
Idaho Code § 48-608(1) (Class action damages limited to "actual damages" or "a total for the class that may not exceed one thousand dollars ($1,000), whichever is the greater.")
Kan. Stat. Ann. § 50-636(d);
Ky. Rev. Stat. Ann. § 367.220(1), (3).
La. Rev. Stat. Ann. § 51:1409(A)
Md. Code Ann., Com. Law § 13-408(a);
Mich. Comp. Laws ann. § 445.911(2), (3)
Minn. Stat. § 8.31(3a).
Mo. Ann. State. § 407.025(1)
Mont. Code Ann. § 30-14-133(1)
Neb. Rev. Stat. Ann. § 59-1609
N.J. Stat. Ann. § 56:8-19;
N.M. Stat. Ann. § 57-12-10(E)
N.C. Gen. Stat. § 76-16
Ohio Rev. Code Ann. § 1345.09(A) & (B);
73 Pa. Cons. Stat. § 201-9.2(a);
S.C. Code Ann. § 39-5-140(a)
Tex. Bus. & Com. Code § 17.50(b), (d);
Wash. Rev. Code Ann. § 19.86.090.
Wis. Stat. Ann. § 100.18(11)(b)(2)

**3. States Permitting Treble damages:**

La. Rev. Stat. Ann. § 51:1409(A)
Plath v. Schonrock, 64 P.3d 984, 989-90 (Mont. 2003)
N.J. Stat. Ann. § 56:8-19 (mandatory)
N.C. Gen. Stat. § 76-16
Ohio Rev. Code Ann. § 1345.09(B);
S.C. Code Ann. § 39-5-140(a)
73 Pa. Cons. Stat. § 201-9.2(a);
Wash. Rev. Code Ann. § 19.86.090.
Wis. Stat. Ann. § 100.20(5) (doubling, not trebling)

**4. States Permitting Punitive damages:**

Howell v. Midway Holdings, Inc., 362 F. Supp. 2d 1158, 1165 (D. Ariz. 2005);
Linthicum v. Nationwide Life Ins. Co., 150 Ariz. 326, 331, 723 P.2d 675, 680 (Ariz. 1986)
Ga. Code Ann. § 10-1-399(a) & (c)
Ky. Rev. Stat. Ann. § 367.220(1), (3).
Mich. Comp. Laws Ann. §445-905(1)
Mo. Ann. State. § 407.025(1)
Or. Rev. Stat. § 646-638(1), (3)
Tex. Bus. & Com. Code § 17.50
Wis. Stat. Ann. § 100.20(5)

**5. States Permitting Award of Attorneys' Fees:**

Fla. Stat. Ann. § 501.211
Ga. Code Ann. § 10-1-373(a)-(c)
Idaho Code § 48-608(4); Nalen v. Jenkins, 113 Idaho 79, 82, 741 P.2d 366, 369 (Idaho 1987); Israel v. Leachhman, 139 Idaho 24, 26-7, 72 P.3d 864, 866-67 (Idaho 2003).
Ky. Rev. Stat. Ann. § 367.220(1), (3).
La. Rev. Stat. Ann. § 51:1409(A)
Md. Code Ann., Com. Law § 13-408(b)
Minn. Stat. § 8.31(3a).
Mo. Ann. State. § 407.025(1)
Mont. Code Ann. § 30-14-133(3)
N.J. Stat. Ann. § 56:8-19
N.M. Stat. Ann. § 5-12-10(C)
N.C. Gen. Stat. § 75-16.1
Ohio Rev. Code Ann. § 1345.09(F)
Okla. Stat. Ann. Tit. 15, § 761.1(A)
73 Pa. Cons. Stat. § 201-9.2(a)
Tex. Bus. & Com. Code § 17.50
Wash. Rev. Code Ann. § 19.86.090.
Wis. Stat. Ann. § 100.18(11)(b)(2)

NOTE:
Mississippi does not allow class actions to be brought under its consumer fraud statute. Miss. Code Ann. § 75-24-15(1)-(4).
Alabama does not allow class actions except by the attorney general. Ala. Code § 8-19-10(f)

**6. States and jurisdictions that do not permit claims when the product has not failed.**

**a. Nationwide or Circuit decisions:**

Carlson v. General Motors Corporation, 883 F.2d 287, 296 (4th Cir.1989)
Briehl v. General Motors Corp., 172 F.3d 623, 628 (8th Cir. 1999) (nationwide class).
Cole v. Gen. Motors Corp., 484 F.3d 717, 729-30 (5th Cir. 2007)
In re Bridgestone/Firestone, Inc., 288 F.3d 1012, 1016-17 (7th Cir. 2002)

**b. State decisions**

Alabama: Pfizer v. Farsian, 682 So.2d 405, 407 (Ala.1996); Ford Motor Co. v. Rice, 726 So.2d 626, 627, 631 (Ala.1998)
Arkansas: Wallis v. Ford Motor Co., 362 Ark. 317, 208 S.W.3d 153 (2005)
California: Khan v. Shiley Inc., 217 Cal.App.3d 848, 857, 266 Cal.Rptr. 106 (1990)
Zamora v. Shell Oil Co., 55 Cal.App.4th 204, 208, 63 Cal.Rptr.2d 762 (1997)
In re Toyota Motor Corp. Hybrid Brake Mktg., Sales Practices & Products Liab. Litig., 915 F. Supp. 2d 1151, 1157-58 (C.D. Cal. 2013)
Am. Suzuki Motor Corp. v. Superior Court, 37 Cal.App.4th 1291, 44 Cal.Rptr.2d 526, 531 (1995)
Kentucky: Capital Holding Corp. v. Bailey, 873 S.W.2d 187, 192 (Ky.1994)
Louisiana: Cole v. Gen. Motors Corp., 484 F.3d 717, 729-30 (5th Cir. 2007); Willett v. Baxter International, Inc., 929 F.2d 1094, 1099–1100 (5th Cir.1991)
Minnesota: O'Neil v. Simplicity, Inc., 553 F. Supp. 2d 1110, 1118 (D. Minn. 2008) aff'd, 574 F.3d 501 (8th Cir. 2009)
Mississippi: Jarman v. United Indus. Corp., 98 F.Supp.2d 757, 768 (S.D.Miss.2000); Lee v. General Motors Corp., 950 F.Supp. 170, 171–74 (S.D.Miss.1996)
Missouri: In re GMC Anti-Lock Brake Prods. Liab. Litig., 966 F.Supp. 1525, 1530 (E.D.Mo.1997)
New Jersey: Yost v. General Motors Corp., 651 F.Supp. 656, 657–58 (D.N.J.1986); Chin v. Chrysler Corp., 182 F.R.D. 448, 460 (D.N.J.1998) ("In most jurisdictions, the courts recognize that unless a product actually manifests the alleged defect, no cause of action for breach of express or implied warranty or fraud is actionable.")
Oklahoma: Harrison v. Leviton Mfr. Co., 2006 WL 2990524 (N. D. Okla. Oct. 19, 2006)
Pennsylvania: Angus v. Shiley, Inc., 989 F.2d 142, 147–48 (3d Cir.1993)
South Carolina: Carlson v. General Motors Corp., 883 F.2d 287, 298 (4th Cir.1989)
Texas: Martin v. Ford Motor Co., 914 F.Supp. 1449, 1453 (S.D.Tex.1996)
Wisconsin: Tietsworth v. Harley–Davidson, Inc., 270 Wis.2d 146, 677 N.W.2d 233 (2004)

**Plaintiff's Brief**

It takes JM more than the two pages to misstate the issue. For the one hundredth – and hopefully last – time, the Court will *never have to decide* "whether a nationwide class can be certified under California consumer law where there are differing measures of damages between the laws of various states."

The purpose of this briefing is to allow the Court to determine disputed issues concerning whether state law differences on damages are material so that Plaintiff may have some guidance in determining how to amend the class definition and either eliminate states which raise materially different questions or consider how such differences can be managed (for example, by sub-classing).

The Court expressed concern that state law differences regarding whether a

plaintiff may recover if the product has not failed could be significant. *Further Ruling* at 1-2. The Court also made it clear that – when Plaintiff proposes a new class definition – the issue of damages will be very important to the Court. *Transcript*, 90:3 -15. Beyond that, however, the upshot of the Court's discussion of the damages was to ask that the parties advise the Court concerning what damage issues need to be addressed before the Plaintiff proposes a revised class definition.[12]

With respect to the first issue, JM's own brief demonstrates that there is no difference between California law and the law of other states concerning whether a plaintiff whose product has not failed can assert a claim. JM cites three California cases and a host of non-California cases for the same proposition, thus demonstrating that this is a not a *Mazza* issue at all. This is a merits issue – in California and elsewhere – on which the Court has already ruled.[13]

With respect to the second issue, the only damages issue which will assist Plaintiff in determining how to redefine the class is the one previously posed – and fully briefed – concerning whether the measure of damages for out-of-pocket loss, benefit of the bargain and restitution yield the same result in all cases and thus factually immaterial to this case.[14] As Plaintiff advised the Court, the parties have

---

[12] "Then what I want the parties to do is to frame for me those remaining questions you want me to answer; and after I have answered those questions, then the plaintiffs will be able to revise the class definitions and anything else related to the class certification issue; and then I will take a look at that and I'll allow further argument and I'll make a ruling on the class at that point." *Transcript*, 80:15 – 80:21.

[13] *Order Denying JM Motion to Dismiss Second Amended Complaint*, Document 53, at 2-3, 5-6. The Court decided the question of whether Plaintiff had to allege and prove product "failure" both as a question of standing to assert a UCL claim and in determining the sufficiency of Plaintiff's warranty claims.

[14] *Joint Stipulation* at 54-61; *Further Briefing* at 17-19, 24-27.

reached agreement on the materiality of all other issues.[15] Plaintiff will propose a new class definition based on those agreements and the issue resolved by the Court.

**I. Identification of Harms Sought (New Question From Court)**

Identification from plaintiffs of the items that they are seeking as damages.

**Plaintiff's Brief**

At the December 12 Hearing, the Court and Plaintiff's counsel had an extended colloquy concerning damages. During that colloquy, the Court asked Plaintiff's counsel what types of damages it would seek. It did not, however, ask Plaintiff to provide an exhaustive list of what damage claims would be included in the revised class definition.

Once Plaintiff explained its principal damage claims – and discussed the possibility that types of damages not allowed in California could be addressed by sub-classing – the issues the Court and counsel had been discussing were resolved:

> THE COURT: In that situation, however, that would be a subclass. In other words, for example, there might be a subclass insofar as damages for, you know, giving rise to -- let's say -- attorney's fees. . . And you'd apply it as to a -- in a subclass. I understand that.
>
> MR. OROZA: Yeah, but there's no question about that and there's no question that the principal damage remedy we're going to be seeking is the difference between the value of the product as represented and the value of the product as delivered; that we will not be attempting to do a class-wide inquiry into damages arising from failures of the pipe. There are other incidental damages that we believe are manageable even though they're different from state to state.
>
> THE COURT: All right. I think I understand but I still require a

---

[15] For example, Plaintiff has never disputed that it is material whether some states – unlike California – permit the recovery of treble damages. Plaintiff will either eliminate those states from the class or propose a way to manage this difference.

> further showing in this regard insofar as whether or not the material differences create a true conflict and I'll require the defendant to proffer more evidence on that.

*Transcript*, 77:19-78:14.

Plaintiff has previously demonstrated that all three measures of loss (restitution, out-of-pocket and benefit of the bargain) yield the same result in this case. The court asked JM to proffer evidence that the different measures of loss lead to different results. Since JM has not done so, it has not carried its burden to demonstrate that there is a true conflict concerning the measure of loss in this case.

Once this issue (and the other issues addressed in this pleading) are determined, Plaintiff will be prepared to consider how to redefine the class. If there is a dispute concerning whether a difference in state law damages is material to the manageability of the class as *actually redefined*, the issue can be addressed at that time. Plaintiff believes, however, that this is very unlikely because the materiality or immateriality of state law differences – including issues related to damages – is usually obvious. Plaintiff has requested that the Court resolve an important and non-obvious issue related to the measure of damages and restitution. Beyond this issue, however, the Court's next involvement in such issues should be its consideration of a redefined class.

Dated: February 24, 2014

FARELLA BRAUN + MARTEL LLP

By: /s/ *Stephen Oroza*
Stephen Oroza

*Attorneys for Individual and Representative Plaintiff* CAMBRIDGE LANE, LLC